Brianna Pierce, Esq. (SBN: 336906)
DYNAMIS LLP
100 Bayview Circle
Newport Beach, CA 92660
Telephone: (619) 225-7323
Email: bpierce@dynamisllp.com

*Attorneys for Plaintiff Skye Griffin*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKYE GRIFFIN,<br><br>    Plaintiff,<br><br>    v.<br><br>ELIZABETH CHEN (a/k/a ELIZABETH KEILY) and DOES 1-50, inclusive,<br><br>    Defendants. | CASE NO. 2:24-cv-07502<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff SKYE GRIFFIN ("Plaintiff" or "Griffin") alleges as follows:

### NATURE OF ACTION

1. Since March 2020 to present (the "Relevant Period"), Plaintiff has been subjected to daily defamatory and harassing conduct at the hands of an anonymous stalker, revealed in May 2024 to be Defendant Elizabeth Chen (a/k/a Elizabeth Keily) ("Defendant" or "Keily").

2. While hiding behind dozens of spoofed phone numbers and social media accounts, Defendant maliciously caused reputational and financial harm to Plaintiff by publishing blatantly false, fabricated, defamatory accusations that Plaintiff fraudulently obtained and misused Paycheck Protection Program (PPP) loans that the U.S. Small Business Administration guaranteed under the Coronavirus Aid, Relief, and Economic Security (CARES) Act. Defendant's malicious statements are outrageous, fabricated lies.

3.  Defendant further schemed to intentionally inflict upon Plaintiff severe emotional distress by anonymously and incessantly harassing, threatening, and stalking Plaintiff—*around the globe*—at all hours of the day and night throughout the Relevant Period. Defendant then published Plaintiff's private, intimate information, which Defendant surreptitiously collected through her stalking efforts, thereby invading Plaintiff's constitutional right to privacy and seclusion.

4.  Plaintiff has suffered—emotionally, physically, and financially—in a constant state of fear for more than four years as a direct result of Defendant's campaign of violence against her. To end Defendant's reign of tyranny, Plaintiff undertook (at great expense) a years-long investigation into the anonymous stalker's identity.

5.  At last, in May of 2024, Plaintiff obtained conclusive evidence linking Defendant to the tortious conduct described in this Complaint.

6.  Shortly thereafter, in June 2024, Plaintiff was granted a three-year Civil Harassment Restraining Order against Defendant. *See* Exhibit A.

7.  Plaintiff now brings the instant action to publicly clear her name and to recover for the severe emotional, physical, reputational, and financial harm caused by Defendant's intentional, malicious, and tortious conduct.

## PARTIES

8.  Plaintiff SKYE GRIFFIN ("Plaintiff" or "Griffin") is an individual residing in Houston, Texas. Plaintiff was a resident of Los Angeles, California while much of the tortious conduct identified in this Complaint took place. [Sentence about her job/celebrity?]

9.  Defendant ELIZABETH CHEN (a/k/a Elizabeth Keily) ("Defendant" or "Keily") is, and at all times relevant hereto has been, an individual, residing in, and engaged in and causing harm to Plaintiff in, the County of Los Angeles, State of California.

10. Defendant operates and utilizes, or operated and utilized during the Relevant Period, at least the following Instagram accounts as part of the defamatory and tortious scheme described in this Complaint:

   a. notesbyskyepppfraud
   b. notesxskyepppscamma

      c.   skytunespppfraud

      d.   skyetunespppploanz

      e.   antisalying_

      f.   zoxokaii76

      g.   antmonica2023_

      h.   blkwomenmotivate4

      i.   homewreckerrozondo

      j.   jasminejayn7II

      k.   katybecker_54

      l.   monopolymove45

      m.  naksk88i78

      n.   nsnsn7u7iy

      o.   outtawrldyayau

      p.   wendyhernadez88

      q.   zoxokaii76

      r.   zoxokaii76ghyuilli

11. Defendant uses or utilized, either directly or through a spoofing application, during the Relevant Period, at least the following phone numbers as part of the defamatory and tortious scheme described in this Complaint:

      a.   (205) 573-1160

      b.   (213) 871-2427

      c.   (346) 966-7919

      d.   (380) 231-4295

      e.   (404) 208-9995

      f.   (404) 517-1136

      g.   (404) 533-4036

      h.   (404) 900-3499

1         i. (423) 913-9148

2         j. (442) 655-5430

3         k. (470) 679-7516

4         l. (470) 803-6277

5         m. (470) 846-4566

6         n. (470) 879-5178

7         o. (470) 879-7201

8         p. (470) 879-7703

9         q. (470) 879-7247

10         r. (470) 924-4559

11         s. (470) 924-5802

12         t. (478) 225-5706

13         u. (678) 631-9852

14         v. (832) 263-0015

15         w. (832) 789-0671

16     12. Plaintiff is presently unaware of the true names and capacities of the defendants sued herein as DOE 1 through 50 ("Doe Defendants" and/or "Doe(s)"), inclusive, and therefore sues said defendants by fictitious names. To the extent that the usernames and phone numbers identified above are not attributable to Defendant Keily, or to the extent any such username(s) and phone number(s) refer to multiple persons, then such person(s) are included in Does 1 through Does 50, inclusive, sued herein. Plaintiff is informed and believes and based thereon alleges that pursuant to Civ. Proc. Code, § 474, each of the fictitiously named defendants were in some manner responsible or legally liable for the actions, events, transactions and circumstances alleged herein. The true names and capacities of such fictitiously named Doe Defendants are presently unknown to Plaintiff and Plaintiff will seek leave of Court to amend this Complaint to assert the true names and capacities of such fictitiously named Doe Defendants when the same have been ascertained. For convenience, each reference to "Defendant" herein shall also refer to the Does, and each of them.

**JURISDICTION**

13. Plaintiff is domiciled in and a citizen of Houston, Texas.

14. Defendant is domiciled in and a citizen of Santa Monica, California.

15. This is a civil action involving, exclusive of interest and costs, a sum in excess of $75,000. Every issue of law and fact in this action is wholly between citizens of different states.

16. This Court has diversity subject matter jurisdiction under 28 U.S.C. § 1332.

**TIMELINESS OF ACTION**

17. Defendant went to great lengths to conceal her identity and misdirect Plaintiff.

18. Nevertheless, Plaintiff exercised reasonable diligence to discover Defendant's identity, including by hiring counsel, employing a private investigator, and subpoenaing Meta (the owner of Instagram).

19. Defendant's identity was finally discovered on March 29, 2024 when Meta produced a business record linking one of the anonymous Instagram accounts (@nsnsn7u7iy) to Defendant's personal cell phone number (310-871-1771).

20. Meta's reports also connect the IP addresses for each Instagram account to either Defendant's residence (Santa Monica) or the location Defendant was known to be when the message was sent (such as Ft. Lauderdale, Florida).

21. This Complaint is brought within one year of discovering Defendant's identity and, therefore, is timely.

**CLAIMS FOR RELIEF**

**COUNT I**
**Libel Per Se**

22. Plaintiff incorporates by reference the foregoing allegations.

23. Starting in March of 2022, Defendant made use of several Instagram accounts and spoofed phone numbers to publish deliberately false and defamatory accusations that Plaintiff fraudulently obtained and misused Paycheck Protection Program (PPP) loans that the U.S. Small Business Administration guaranteed under the Coronavirus Aid, Relief, and Economic Security (CARES) Act.

24. Although Defendant used sham Instagram accounts and spoofed numbers to publish the false reputation-damaging accusations such that it is impossible to know whether Plaintiff is aware of each one, representative examples include (collectively, the "**Statements**"):

| Statement No. / Date | Instagram Account or Phone Number | Defamatory Statement |
|---|---|---|
| 1. 3/10/22 | skytunesPPPfraud | "#Skyetunes is a Fraud Usin PPP loanz 2 stunt in Design clothes on IG" |
| 2. 3/10/22 | skytunesPPPfraud | "Sky took out $42K of PPP Loanzzz but tryna stunt on IG in Designer clothes N Bagzzz Gurrrrl U Is a Frauddddd!!!! Scammer" |
| 3. 3/12/22 | notesbyskyepppfraud | "#Skye Griffin #SkyeTunes #NotesBySkye #notesxSkye PPP Frauder. $42K 2 buy designer 4 IG" |
| 4. 3/12/22 | notesbyskyepppfraud | "#SkyeTunes #NotesBySkye PPP Fraud took $42K 2 Buy designer clothezzz. Scamm #NotesXSkye" |
| 5. 3/15/22 | notesxskyepppscamma | "#Skyetunes #NotesxSkye #NotesBySkye #SkyeGriffin. PPP Fraud #PPP loan" |
| 6. 3/16/22 | skyetunesppploanz | "$60000 #PPPFraud to stunt on Ig Shame On U #Skyetunes #NotesxSkye #skyeGriffin NotesBySKYE." |
| 7. 3/16/22 | skyetunesppploanz | "another 1 for $40000 #Skyetunes #PPPFraud #notesxskye #NotesBySkye / This girl took out $60000 of PPP Loanz 2 buy designer Clothez" |
| 8. 3/16/22 | skyetunesppploanz | ""#SkyetuneS #SkyeGriffin #NotesxSkye #NotesBySkye another loan Total $60000 of PPP loanz to stunt on Ig #PPPLoans #PPPFraud #Scammer #Atlanta #Houston" |
| 9. 5/4/22 | 213-871-2427 | "SKY A [CLOWN EMOJI] PPP LOAN LAWSUIT FRAUD SLEEPIN WIT MARRIED MEN [THREE CLOWN EMOJIS] MOM A CRACKHEAD PROSTITUTE SUING NIGGAZZZZ" |
| 10. 5/4/22 | 423-913-9148 | "SKY MOM NHERN NY SUIN ED SHERAN 2DAY THEY TRYNA GET $$$ $ THEY GOT NEEVEZ SKYE A HOMERECKER WHO TOOK OUT $60000 OF PPP LOANZZZZ FRAUDDD HER PHOTOZ R CATFISHHHHH NN THEY WAY IS SUIN PPL DAMN SHAMEEEEEEEEEEEEEWEEEE" |
| 11. 5/4/22 | 423-913-9148 | "SKYE A [FIVE CLOWN EMOJIS] SHE DON'T LOOK SHIT LIK HER INSTAGRAM PICZZZ CATFISHHHHH SUIN PPL TAKIN PPP LOANZZZ DAM YALL DOWN BAD" |

| | | | |
|---|---|---|---|
| 12. | 5/21/22 | 380-231-4295 | "UN YA MOMMA WRONG N NYC SUING PPPL THEY NEEDA SUE YA ASS FOR THEM PPP LOANZ U TOOK OUT FRAUD ASS!!!!!" |
| 13. | 6/3/22 | 408-208-9995 | "SKY U PAY BACK THEM PPP LOANZ U FRAUD BUYIN DESIGNER SHIT" |

25. Each of the false Statements refers to Plaintiff by name, was made of and concerning Plaintiff, and was so understood by those who read the statements.

26. Each of the false Statements accuses Plaintiff of fraudulently obtaining PPP loans for improper purposes. The Statements are false. Plaintiff did not fraudulently obtain PPP loans. Nor did Plaintiff improperly use PPP loans.

27. The Statements are libelous on their face in that they accuse Plaintiff of committing a crime, harm Plaintiff's business, and expose Plaintiff to hatred, contempt, and ridicule.

28. Statements 1 through 8 were publicly posted on Instagram, Defendant maximized the number of people that would see and read each defamatory Statement by including hashtags and geotags that reached more than 25 million people.

29. Statements 9 through 12 were published in group text message chats that contained no less than six people.

30. As a proximate result of the Statements, Plaintiff has suffered loss of reputation, shame, mortification, and injury to Plaintiff's feelings, all to Plaintiff's damage in the total amount of at least $500,000.

31. The Statements were not privileged because they were not made in service of and failed to further any public debate, and were maliciously published by Defendant with a reckless disregard for the truth. Because of Defendant's malice in publishing, Plaintiff is entitled to punitive damages.

## COUNT II
### Violation of the California Civil Anti-Stalking Statute
### (California Civil Code § 1708.7, et seq.)

32. Plaintiff incorporates by reference the foregoing allegations.

33. Beginning on or about March of 2020, Defendant engaged in a pattern of conduct with the intent to alarm, annoy, harass, and torment Plaintiff, including taking peeping Tom pictures

outside of Plaintiff's residence, sending repeated and unwanted communication at all hours of the day and night, publicly disclosing private, intimate details about Plaintiff's life surreptitiously obtained through surveillance, and publishing defamatory Statements about Plaintiff on Instagram and through hundreds of group text message chats.

34. Defendant's repeated and unwanted communications as to Plaintiff constitute conduct over a period of time which evidences a continuity of purpose.

35. During the Relevant Period, Plaintiff has been subject to thousands of unwanted communications from Defendant, including repeated text messages and Instagram posts, including but not limited to threats and admissions of threats.

36. Defendant repeatedly followed and harassed Plaintiff and made credible threats with the intent to place Plaintiff in reasonable fear of death or great bodily injury by, *inter alia*:

    a. secretly following or spying on Plaintiff without Plaintiff's consent, as evidenced by messages to Plaintiff that she was being watched;

    b. contemporaneously posting Plaintiff's private whereabouts, such as the location of Plaintiff's hotel while Plaintiff was on vacation in different states and countries; and

    c. after Plaintiff attempted to secretly move out of California, publishing Plaintiff's new address and telling Plaintiff that she could "not hide" from Defendant.

37. Defendant engaged in a course of conduct that placed Plaintiff (and would place any reasonable person) in fear of her safety, and that served no legitimate purpose by, *inter alia*:

    a. by repeatedly telling Plaintiff that she was being watched and to watch her back;

    b. solidifying Plaintiff's fear by proving that Plaintiff was, in fact, being watched by, for example, identifying specific contemporaneous facts, such as who was at Plaintiff's house or whose car was parked in Plaintiff's driveway;

    c. doxing Plaintiff by revealing her personal information online without Plaintiff's consent, including Plaintiff's home address, phone number, financial information, and other personal details; and

d. messaging threats of violence about fighting Plaintiff in locations around the country where Plaintiff travelled for work.

38. Defendant engaged in a knowing and willful course of conduct over the Relevant Period directed at Plaintiff that seriously alarmed, annoyed, and harassed Plaintiff and that served no legitimate purpose by, inter alia:

a. creating dozens of shell Instagram accounts through which Defendant posted Plaintiff's whereabouts, personal information, and made false and defamatory statements about Plaintiff, Plaintiff's family members, and Plaintiff's professional and business reputation;

b. making false and per se defamatory statements about Plaintiff's chastity via thousands of text messages, Instagram messages, and social media posts;

c. bombarding Plaintiff with messages late at night and early in the morning—sometimes more than 80 messages at a time—so that Plaintiff was forced to read the messages just before bed and right when she awoke;

d. sending thousands of anonymous messages to Plaintiff's acquaintances, including minor children, in which Defendant made defamatory, false, and harassing statements about Plaintiff's chastity, businesses, family members, whereabouts, personal information, and more; and

e. doxing Plaintiff's home address each time Plaintiff tried to secretly move and hide from Defendant.

39. None of Defendant's conduct is constitutionally protected activity. Defendant had no reason for engaging in the foregoing categories of stalking and harassment other than to harass Plaintiff and to make Plaintiff live in a constant state of fear for her safety.

40. These communications have caused Plaintiff substantial emotional distress, including in their content which falsely accuse her of criminal and other deeply wrongful behavior, and by creating apprehension that these false statements have been and will continue to be

propagated, or that some unknown individual will seek reprisal for Plaintiff's purported conduct on Defendant's behalf.

41. These communications have further caused Plaintiff to be put in reasonable fear for the safety of herself, her family, including her parents, and her friends. Defendant's peeping Tom surveillance and the resulting knowledge of Plaintiff's whereabouts at all times has established and maintained in Plaintiff a reasonable fear for her personal safety and that of her family and friends.

42. Over the years, Plaintiff clearly and definitively demanded that Defendant cease and abate her pattern of conduct. For example, on April 9, 2023, Plaintiff responded to one of Defendant's unwanted communications and unequivocally told Defendant to "leave [her] alone." Despite Plaintiff's demand, Defendant persisted in the pattern of conduct. As a result, Plaintiff obtained a restraining order prohibiting the pattern of conduct described above. *See* Exhibit A.

43. Defendant's actions constitute the tort of stalking, as defined in Civ. Code, §1708.7.

44. As a proximate result of Defendant's actions, Plaintiff sustained special damages consisting of economic losses, including lost business opportunities, moving expenses, investigative expenses, and medical expenses.

45. As a proximate result of Defendant's actions, Plaintiff sustained general damages consisting of, *inter alia*, severe emotional distress, great fear and anxiety, mental trauma, nervousness, and humiliation.

46. Defendant acted with malice, fraud, and oppression, and thus an award of punitive damages is justified. Defendant is guilty of oppression, fraud or malice in conscious disregard of Plaintiff's rights, thereby warranting an assessment of punitive and exemplary damages in an amount appropriate to punish Defendant and deter others from engaging in similar misconduct. Defendant's conduct was willful and outrageous and committed in reckless disregard of the probability of causing, or with intent to cause, injury to Plaintiff. Defendant subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights. Defendant was aware of the probable consequences of her acts and willfully and deliberately failed to avoid these consequences.

47. Plaintiff is entitled to recover general, special, and punitive damages pursuant to Civ. Code, § 1708.7.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment, as follows:

a. AS TO THE FIRST CAUSE OF ACTION

    i. For compensatory damages according to proof at the time of trial in an amount not less than Five Hundred Thousand Dollars ($500,000), together with interest thereon at the maximum legal rate.

    ii. For punitive damages pursuant to Civil Code Section 3294 in an amount appropriate to punish and set an example of Defendant and to deter such conduct in the future, the exact amount of such punitive damages subject to proof at the time of trial;

b. AS TO THE SECOND CAUSE OF ACTION

    i. For general damages according to proof at the time of trial in an amount not less than Five Hundred Thousand Dollars ($500,000), together with interest thereon at the maximum legal rate.

    ii. For special damages according to proof at the time of trial in an amount not less than Five Hundred Thousand Dollars ($500,000), together with interest thereon at the maximum legal rate.

    iii. For punitive damages pursuant to Civil Code Section 1708.7 in an amount appropriate to punish and set an example of Defendant and to deter such conduct in the future, the exact amount of such punitive damages subject to proof at the time of trial;

c. AS TO ALL CAUSES OF ACTION

    i. For an injunction preventing Defendant, and anyone acting on behalf of Defendant, from engaging in any further conduct of the type descried in this Complaint;

      ii. For pre-judgment and post-judgment interest on the above requested damages and at the maximum legal rate provided by law;

      iii. For costs of suit;

      iv. For reimbursement to Plaintiff of attorney's fees, as provided by law; and

      v. For such other relief as the Court may deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury of all issues so triable under law.

Dated: September 3, 2024

                                                          /s/ Brianna K. Pierce
Brianna K. Pierce (CBN 336906)
**DYNAMIS LLP**
100 Bayview Circle
Newport Beach, CA 92660
Telephone: (619) 225-7323
Email: bpierce@dynamisllp.com

*Attorney for Plaintiff Skye Griffin*

12
**COMPLAINT**