Brianna Pierce, Esq. (SBN: 336906)
BELLATRIX LAW, P.C.
16868 Via Del Campo Ct., Ste 100
San Diego, California 92127
Phone: (619) 977-5248
Email: bkp@bellatrix-law.com

*Cousnel for Plaintiff Skye Griffin*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| SKYE GRIFFIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ELIZABETH CHEN (a/k/a ELIZABETH KEILY) and DOES 1-50, inclusive,<br><br>　　　　Defendants. | Case No. 2:24-cv-07502-MWC-MAA<br><br>***EX PARTE* APPLICATION FOR ORDER PERMITTING ALTERNATIVE SERVICE ON DEFENDANT ELIZABETH CHEN (A/K/A ELIZABETH KEILY); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[*Declaration of Brianna K. Pierce Filed and Served Concurrently Herewith*] |

Plaintiff SKYE GRIFFIN ("Plaintiff") submits this *ex parte* application, pursuant to Fed. R. Civ. P. 4(e), Cal. Civ. Proc. Code § 413.30, and L.R. 7-19, seeking an order permitting alternative service of process on Defendant ELIZABETH CHEN (a/k/a ELIZABETH KEILY) ("Defendant") via e-mail and text message, or, in the alternative, by publication (the "Application").

This Application includes the following documents:

　　a. *Ex Parte* Application;

　　b. Memorandum of Points and Authorities;

　　c. Declaration of Brianna K. Pierce, filed and served concurrently herewith; and

　　d. [Proposed] Order, lodged concurrently herewith.

Plaintiff submits this Application as an *ex parte* request because (a) Defendant has not appeared in the action and thus is unlikely to oppose this request, (b) the time to serve Defendant under Rule 4(m) could run if Plaintiff proceeded by noticed motion, (c) Plaintiff satisfies all requirements and good cause exists to allow Plaintiff to serve process on Defendant by email, text message, or publication, and (d) such a request does not seek extraordinary relief, but rather only an alternative method to enable service of process. *See, e.g.*, *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) (service of process by alternative means is not "extraordinary relief") (internal citation omitted).

Pursuant to Local Rule 7-19, on Thursday, November 14, 2024, undersigned counsel contacted Defendant about the substance of this Application via Defendant's known and confirmed e-mail addresses (missekeily87@gmail.com and elizabethkeily@yahoo.com) and via text message to Defendant's known and confirmed cell phone that receives text messages (310-871-1771). The emails did not bounce back, and the text messages reflected the blue color of a successfully sent and received message between iPhones. As of this filing, Defendant has not responded or in any way indicated that she would oppose the Application.

Dated: November 18, 2024

**BELLATRIX LAW, P.C.**

*/s/ Brianna K. Pierce*
Brianna K. Pierce (CA Bar No. 336906)
16868 Via Del Campo Ct., Ste 100
San Diego, California 92127
Phone: (619) 977-5248
Email: bkp@bellatrix-law.com

*Counsel for Plaintiff Skye Griffin*

- 2 -

PLAINTIFF'S *EX PARTE* APPLICATION FOR ALTERNATIVE SERVICE
CASE NO. 2:24-CV-07502-MWC-MAA

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Skye Griffin ("Plaintiff"), by and through undersigned counsel, hereby submits this memorandum and points and authorities in support of Plaintiff's application seeking an order allowing service of process by electronic mail and text message on Defendant Elizabeth Chen (a/k/a Elizabeth Keily) ("Defendant").

## PRELIMINARY STATEMENT

On June 10, 2024, Plaintiff obtained a three-year Civil Harassment Restraining Order ("Restraining Order") against Defendant based on Defendant's multi-year scheme to stalk, harass, and defame Plaintiff online and through text messages. *See Skye Griffin v. Elizabeth Keily*, Case No. 24STRO02953 (Los Angeles Superior Court) (the "Restraining Order Proceeding"). By the Complaint filed in this action on September 3, 2024 [ECF No. 1], Plaintiff seeks to recover the damages caused by Defendant's same tortious and defamatory conduct underlying the Restraining Order.

To date, Plaintiff has been unable to successfully serve process on Defendant by traditional means, despite diligent efforts, including hiring a process server to attempt service on Defendant at her known address on six separate occasions. Plaintiff thus submits this Application requesting that the Court allow Defendant to be served by alternative means, namely email and text message. Such alternative service is not only statutorily permissible, but it is indeed the most reasonably calculated way to ensure Defendant has actual notice of this action, and it is fair under the circumstances of this case.

## FACTUAL BACKGROUND

As set forth in the Affidavit of Reasonable Diligence annexed as **Exhibit A** to the Declaration of Brianna K. Pierce ("Pierce Decl."), filed concurrently herewith, Plaintiff's hired process server made six separate attempts to serve the Summons and Complaint on Defendant, including on the following dates and times:

- Tuesday, 9/10/24, at 11:30 am
- Wednesday, 9/11/24, at 11:18 am

- Thursday, 9/12/24 at 637 pm

- Friday, 9/13/24, at 8:33 pm

- Saturday, 9/14/24, at 11:20 am

- Monday, 9/23/24 at 11:00 am

During those attempts, Plaintiff's process server spoke to multiple tenants and attempted to speak with the building manager twice. *Id.* Despite those efforts, the process server was unable to effectuate service on Defendant. *Id.*

To the extent the Court finds it relevant, Plaintiff had a similar experience trying to serve Defendant during the Restraining Order proceeding. *See* Pierce Decl., **Exhibit B**. In any event, as a result of the Restraining Order proceeding, there is recent and concrete evidence that Defendant maintains valid email addresses (missekeily87@gmail.com and elizabethkeily@yahoo.com) and a valid cell phone number used to send and receive texts ((310) 871-1771). *See* Pierce Decl. ¶ 7.

Specifically, when counsel for Plaintiff provided notice of the Restraining Order application to Defendant via the above phone number and email addresses, the emails did not bounce back and the text messages turned blue, indicating that they were successfully sent and received as an iMessage between my iPhone and Defendant's iPhone. *Id.* at ¶ 8. Further, after receiving the text messages, Defendant sent a screenshot of the notice texts to another person, confirming that she received the texts and, thus, actual notice of the documents attached thereto. *Id.* at ¶ 9.

Based on Defendant's demonstration that her email addresses and cell phone were the most effective ways to provide actual notice to her, the Superior Court granted Plaintiff permission to serve process on Defendant in the Restraining Order proceeding via text message to (310) 871-1771. *Id.* at ¶ 10. Ultimately, the Superior Court issued an order permitting Plaintiff to serve Defendant in the Restraining Order proceeding via text message at (310-871-1771). *See* Pierce Decl., **Exhibit C** at 2, 4.

## LEGAL STANDARD

Rule 4 of the Federal Rules of Civil Procedure governs the service of a summons and complaint in federal court. The goal of Rule 4 is "to provide maximum freedom and flexibility in

- 2 -

the procedures for giving all defendants . . . notice of commencement of the action and to eliminate unnecessary technicality in connection with service of process." *Electrical Specialty Co. v. Road and Ranch Supply, Inc.*, 967 F.2d 309, 314 (9th Cir. 1992) (citing 4 C. Wright & A. Miller, Federal Practice and Procedure § 161, at 216 (2d ed. 1987)). In order to satisfy this expansive reach, Rule 4(e)(1) allows federal courts located in California to authorize service of process in conformity with California law. *See* Fed. R. Civ. P. 4(e)(1).

In turn, California law permits five basic methods of service: (1) personal delivery; (2) delivery to the party's usual residence or place of business (referred to as "substitute service"); (3) service by mail; (4) service on persons outside the state; and (5) service by publication. Cal. Civ. P. Code §§ 415.10-415.50. California also provides "a broad framework" for alternative means of service under Cal. Civ. P. Code § 413.30. *See Aevoe Corp. v. Pace*, No. C-11-3215-MEJ, 2011 WL 3904133, at *1 (N.D. Cal. Sept. 6, 2011) (California code provides "a broad framework for alternative means of service" where the plaintiff took those steps a reasonable person who truly desired to give notice would have taken under the circumstances). Specifically, Cal. Civ. P. Code § 413.30 provides that "[w]here no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served." Cal. Civ. P. Code § 413.30.

Accordingly, federal courts in California have the ability to "craft" methods of service, especially where, as here, there is evidence that a defendant is evading service. *See Mercury Cable & Energy, Inc. v. Wang Chen*, No. SA CV 12-1857-DOC (ANx), 2013 WL 12415691, at *2 (C.D. Cal. Jan. 7, 2013) (authorizing alternative service under Cal. Civ. P. Code § 413.30 on defendants who were aware of the action pending against them, but "appear[ed] to be avoiding service"). *See also United Health Servs., Inc. v. Meyer*, No. C 12-6197 CW, 2013 WL 843698, at *2 (N.D. Cal. Mar. 6, 2013) (permitting alternative service under Cal. Civ. P. Code § 413.30); *Facebook, Inc. v. Banana Ads, LLC*, No. C-11-3619 YGR, 2012 WL 1038752, at *3 (N.D. Cal. Mar. 27, 2012)

- 3 -

(same); *Entrepreneur Media, Inc. v. Casey*, No. 8:18-CV-01058-JLS-AGR, 2018 WL 6424515, at *2 (C.D. Cal. Oct. 1, 2018) (same).

## ARGUMENT

Plaintiff has been unable to serve process on Defendant by traditional means despite her diligence. Since service of process by email and text message will undoubtedly give actual notice to Defendant, and is in fact the most reasonably calculated way to provide Defendant with actual notice of this instant action, the Court should allow Plaintiff to serve Defendant via her known and confirmed email addresses and text message-receiving cell phone.

### A.   Traditional Service Has Been Unsuccessful Despite Plaintiff's Diligence

In order to show diligence, a plaintiff need only make two or three attempts at personal service. *See Green v. Ara Yavruyan, et al.*, No. 21CV1045-GPC(BLM), 2021 WL 4034194, at *2 (S.D. Cal. Sept. 3, 2021). "A number of honest attempts to learn defendant's whereabouts or his address by inquiry of relatives, friends, and acquaintances, or of his employer, and by investigation of appropriate city and telephone directories, [voter registries, and assessor's office property indices situated near the defendant's last known location], generally are sufficient." *Id*.; *see also Am. Express Centurion Bank v. Zara,* 199 Cal. App. 4th 383, 389 (2011) (two or three attempts to personally serve a defendant at a proper place ordinarily qualifies as "reasonable diligence"); *Espindola v. Nunez,* 199 Cal. App. 3d 1389, 1391-92 (1988) (finding reasonable diligence after Plaintiff hired a private investigator to locate and make three attempts to serve Defendant his residence).

As set forth above, Plaintiff hired a process server who made six separate attempts to serve Defendant. *See* Pierce Decl., ¶ 3, Exhibit A.. The process server's attempts were made on six different days of the week spanning the morning, afternoon, and evening. *Id.* During the attempts, the process server spoke to other tenants of the building, knocked on the building manager's door, called the building manager's phone number, and left a voicemail in an attempt to locate the Defendant's whereabouts. *Id.* at ¶ 4, Exhibit A. None of the service attempts were successful.

- 4 -

Moreover, because Defendant was put on notice of this litigation during the Restraining Order Proceeding, her absence may be evidence of deliberate evasion of service in this matter. Accordingly, this Court has the power to direct that the summons and complaint be served in a manner which is reasonably calculated to give actual notice to the party to be served. Cal. Civ. P. Code § 413.30.

**B. <u>Service Via Email and Text Message is Appropriate Under Cal. Civ. P. Code § 413.30</u>**

While the California Code includes no explicit provision for service by email or text message, California federal courts have uniformly recognized that service by electronic means is often appropriate and necessary. *See e.g., United Health Servs., Inc.*, 2013 WL 843698, at *2 (ordering service via email under Cal. Civ. P. Code § 413.30); *Facebook, Inc.*, 2012 WL 1038752, at *3 (permitting electronic service where there was evidence that defendants engaged in internet-based commercial activities and relied on email as a means of communication); *Aevoe Corp.*, 2011 WL 3904133, at *2 (granting leave to serve by email where defendant previously communicated with plaintiff via email and defendant had actual notice of the lawsuit); *Entrepreneur Media, Inc.*, 2018 WL 6424515, at *2 (holding that a sufficient showing for email service was made when plaintiff has been unable to locate and serve defendant personally); *Mercury Cable & Energy, Inc.,* 2013 WL 12415691, at *2 (authorizing service via email on defendants who were aware of the action pending against them, but "appear[ed] to be avoiding service").

In *Creative Intellects v. Haygood*, the court authorized email and text message service, noting that the "circumstances of each case dictate whether a particular form of alternative service is reasonably calculated to provide actual notice" as required under Cal. Civ. P. Code § 413.30. *See Creative Intellects v. Haygood*, No. 2:21-CV-02670, 2021 WL 3568237, at *3 (C.D. Cal. July 23, 2021). Specifically, the court found that email service was the most effective way to reach defendant, and thus an appropriate method of service, because plaintiff had sent numerous emails to the address without receiving a "bounce back" email and because defendant admitted to having received an email from plaintiff at the address. *Id.* The court also authorized concurrent service via

- 5 -

PLAINTIFF'S *EX PARTE* APPLICATION FOR ALTERNATIVE SERVICE
CASE NO. 2:24-CV-07502-MWC-MAA

text message, noting that text message service "add[ed] to the likelihood that service will be effective." However, because the plaintiff could not confirm that the phone number was a cell phone (capable of receiving texts) rather than a landline, the court noted that a text alone was not reasonably calculated to give actual notice. *Id.*

The rationale set forth in *Creative Intellects* supports service by email and text message in the instant case. As set forth above, there is evidence that Defendant maintains valid email addresses (missekeily87@gmail.com and elizabethkeily@yahoo.com) and a valid cell phone number used to send and receive texts ((310) 871-1771). *See* Pierce Decl. ¶ 7. Defendant demonstrated that her email addresses and cell phone provided her actual notice during the Restraining Order Proceeding. *Id.* 6-10, **Exhibit C**. Accordingly, email and text message are the most effective ways to provide actual notice to Defendant in the instant atter.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests, that the Court issue an order allowing Plaintiff to effectuate service on Defendant by email to missekeily87@gmail.com and elizabethkeily@yahoo.com, and by text message to (310) 871-1771.

Dated: November 18, 2024

**BELLATRIX LAW, P.C.**

*/s/ Brianna K. Pierce*
Brianna K. Pierce (CA Bar No. 336906)
16868 Via Del Campo Ct., Ste 100
San Diego, California 92127
Phone: (619) 977-5248
Email: bkp@bellatrix-law.com

*Counsel for Plaintiff Skye Griffin*

- 6 -