\

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| SKYE GRIFFIN,<br><br>    Plaintiff,<br>    v.<br>ELIZABETH CHEN (a/k/a ELIZABETH KEILY, et al.,<br><br>    Defendants. | Case No. 2:24-cv-07502-MWC-MAA<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR ORDER PERMITTING ALTERNATIVE SERVICE ON DEFENDANT ELIZABETH CHEN (A/K/A ELIZABETH KEILY) (DKT. 14)** |

On November 18, 2024, Plaintiff Skye Griffin ("Plaintiff") filed an ex parte application, pursuant to Fed. R. Civ. P. 4(e), Cal. Civ. Proc. Code § 413.30, and L.R. 7-19, seeking an order permitting alternative service of process on Defendant ELIZABETH CHEN (a/k/a ELIZABETH KEILY) ("Defendant") via e-mail and text message.

The Court having considered Plaintiff's application and finding good cause[1] therefore, hereby **GRANTS** the application and **ORDERS** as follows:

1.      Within seven (7) days of the date of this Order, Plaintiff shall serve the summons and complaint on Defendant by (1) email to missekeily87@gmail.com and elizabethkeily@yahoo.com; and (2) text message to (310) 871-1771.

---

[1] The Court notes that "[a]n ex parte motion should never be submitted by itself. It must always be accompanied by a separate proposed motion for the ultimate relief the party is seeking." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Plaintiff did not file a separate motion as required but nonetheless included a memorandum of points and authorities with the ex parte application. Although Plaintiff's procedural defect is grounds to deny the application, the Court **GRANTS** the application in the interest of time and judicial resources.

**IT IS SO ORDERED.**

Dated:  November 19, 2024

_____
HON. MICHELLE WILLIAMS COURT
UNITED STATES DISTRICT JUDGE

- 2 -