UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-07502-MWC-MAA                    Date: April 23, 2025

Title     Skye Griffin v. Elizabeth Chen *et al.*

Present:  The Honorable:      Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:
N/A                                              N/A

**Proceedings:  (In Chambers) Order GRANTING IN PART Plaintiff's motion for default judgment (Dkt. # 28)**

Before the Court is a motion for default judgment filed by Plaintiff Skye Griffin ("Plaintiff") against Defendant Elizabeth Chen (a/k/a Elizabeth Keily) ("Defendant"). Dkt. # 28-1 ("*Mot.*").  The Court finds the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  Having considered the moving papers, the Court **GRANTS IN PART** the motion for default judgment.

I.      Background

Plaintiff is an independent artist using the stage name Skyetunes.  Dkt. # 28-2 ("*Griffin Decl.*"), ¶ 3.  She is a recording artist and a theater actor who has thrived in the industry due to her reputation for hard work, integrity, and honesty.  *Id.*  Since March 2020 to present (the "Relevant Period"), Plaintiff, a Texas citizen, has allegedly been subjected to daily defamatory and harassing conduct at the hands of an anonymous stalker, revealed in May 2024 to be Defendant, a California citizen.  Dkt. # 1 ("*Compl.*"), ¶¶ 1, 13–14.  Plaintiff further alleges that, while hiding behind dozens of spoofed phone numbers and social media accounts, Defendant maliciously caused reputational and financial harm to Plaintiff by publishing blatantly false, fabricated, defamatory accusations that Plaintiff fraudulently obtained and misused Paycheck Protection Program ("PPP") loans that the U.S. Small Business Administration guaranteed under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act.  Defendant's statements are fabricated lies.  *Id.* ¶ 2.  Defendant also allegedly schemed to intentionally inflict upon Plaintiff severe emotional distress by anonymously and incessantly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.  2:24-cv-07502-MWC-MAA                                    Date: April 23, 2025

Title       Skye Griffin v. Elizabeth Chen *et al.*


harassing, threatening, and stalking Plaintiff—around the globe—at all hours of the day and night throughout the Relevant Period.  *Id.* ¶ 3.  Defendant then published Plaintiff's private, intimate information, which Defendant surreptitiously collected through her stalking efforts, thereby invading Plaintiff's constitutional right to privacy and seclusion. *Id.*  In June 2024, Plaintiff was granted a three-year Civil Harassment Restraining Order against Defendant.  *Id.* ¶ 6.

On September 3, 2024, Plaintiff filed this lawsuit asserting (1) libel per se (Cal. Civ. Code § 45) and (2) violation of the California Civil Anti-Stalking Statute ("Anti-Stalking Statute") (Cal. Civ. Code §§ 1708.7 *et seq.*).  *See generally id.*  After Plaintiff filed a request for default, the clerk entered default against Defendant on January 2, 2025. Dkt. # 21 ("*Entry of Default*").  On March 17, 2025, Plaintiff filed this motion for default judgment.  *Mot.*

II.       Legal Standard

Federal Rule of Civil Procedure ("Rule") 55(b) permits a court-ordered default judgment following the entry of default by the clerk under Rule 55(a).  Once the court clerk enters a default, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages.  *See Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam).

The choice to grant or deny a default judgment is within the discretion of the court.  *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  To determine whether default judgment is proper, courts consider seven discretionary factors, often called the "*Eitel* factors."  *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).  These factors are (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *See id.* at 1471–72.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.  2:24-cv-07502-MWC-MAA                                    Date: April 23, 2025

Title     Skye Griffin v. Elizabeth Chen *et al.*


III.    <u>Discussion</u>

A.      <u>Procedural Requirements</u>

"A party seeking default judgment must satisfy the procedural requirements of the
Federal Rules of Civil Procedure and the Central District of California's Local Rules."
*Ameris Bank v. Sunny Side Land Holdings, LLC*, No. 8:24-cv-02127-FWS-JDE, 2025
WL 879560, at *3 (C.D. Cal. Jan. 29, 2025) (citation omitted).

The Court finds Plaintiff has met the procedural requirements for default
judgment: (1) The clerk entered default judgment against Defendant on January 2, 2025,
*see Entry of Default*; (2) Defendant is not an infant, incompetent person, or person in
military service or otherwise exempted from default judgment under the Servicemembers
Civil Relief Act of 1940, *see* Dkt. # 28-3 ¶ 8; and (3) Plaintiff provided Defendant with
notice of this motion, *see id.* ¶ 9.

B.      *Eitel* Factors

As analyzed below, the Court finds that the *Eitel* factors favor entry of default
judgment.

*i.      Prejudice*

First, the Court considers whether Plaintiff will suffer prejudice if default
judgment is not entered.  This factor weighs in Plaintiff's favor because without a default
judgment, Plaintiff would lack recourse for recovery against Defendant since Defendant
failed to appear or defend this lawsuit.  *See Ameris Bank v. Old Pylon Trucking, LLC*,
No. SACV 23-02368-CJC (KESx), 2024 WL 2406693, at *3 (C.D. Cal. Apr. 16, 2024);
*PepsiCo v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("If Plaintiffs'
motion for default judgment is not granted, Plaintiffs will likely be without other recourse
for recovery.").

*ii.     Merits and Sufficiency*

The second and third *Eitel* factors consider the merits and sufficiency of a
plaintiff's claims.  "These two factors require that the Plaintiff 'state a claim on which [it]

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.   2:24-cv-07502-MWC-MAA                                    Date: April 23, 2025

Title      Skye Griffin v. Elizabeth Chen *et al.*


may recover.'" *Citizens Bus. Bank v. Vessel Bellezza*, No. 8:18-cv-02163-JLS-KES,
2020 WL 7064247, at *4 (C.D. Cal. Oct. 27, 2020) (citation omitted); *JFeld LLC v.
Blanket Lovers*, No. 2:20-cv-08804-DSF-PLA, 2021 WL 2302447, at *2 (C.D. Cal. Apr.
29, 2021) (noting that courts often consider the second and third *Eitel* factors to be the
most important).

Plaintiff brings two causes of action: (1) libel per se and (2) violation of the Anti-
Stalking Statute.  The Court analyzes each cause of action in turn.

> a.      *Libel Per Se*

Under California law, libel is statutorily defined as a "false and unprivileged
publication" which either (1) "exposes any person to hatred, contempt, ridicule, or
obloquy," (2) "causes him to be shunned or avoided," or (3) "has a tendency to injure him
in his occupation."  Cal. Civ. Code § 45 (emphasis added).  "If such a reader would
perceive a defamatory meaning without extrinsic aid beyond his or her own intelligence
and common sense, then . . . there is a libel per se." *Bartholomew v. YouTube, LLC*, 17
Cal. App. 5th 1217, 1226–27 (2017).

Plaintiff alleges that Defendant published at least thirteen (13) written statements
accusing Plaintiff, by name, of committing the crime of fraudulently obtaining and
misusing PPP loans on various platforms—including Instagram and/or via directed text
message to important individuals in the entertainment industry.  *Compl.* ¶¶ 28–29.
Plaintiff states that each of these statements is false.  *Id.* ¶ 26.  "An allegation the plaintiff
is guilty of a crime is libelous on its face." *Fashion 21 v. Coal. for Humane Immigrant
Rts. of Los Angeles*, 117 Cal. App. 4th 1138, 1145 n.7 (2004).  Plaintiff asserts that she
suffered a loss of reputation, shame, mortification, and injury to her feelings.  *Compl.*
¶ 30; *see Griffin Decl.* ¶ 8.

Accordingly, accepting all of Plaintiff's factual allegations as true, the Court finds
that Plaintiff has sufficiently stated a libel per se claim against Defendant and therefore
Plaintiff's libel claims weighs in favor of entering default judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-07502-MWC-MAA                                      Date: April 23, 2025

Title      Skye Griffin v. Elizabeth Chen *et al.*

### b.      *Violation of the Anti-Stalking Statute*

Under the Anti-Stalking Statute, as relevant here, a person is liable when: (1) the defendant engaged in a pattern of conduct with the intent to follow, alarm, place under surveillance, or harass the plaintiff; (2) defendant caused the plaintiff to fear for her safety or suffer substantial emotional distress; *and* (3) defendant made a credible threat that either intended to place plaintiff in reasonable fear for her safety or was in reckless disregard for plaintiff's safety, and plaintiff clearly and definitively demanded that defendant cease and abate her pattern of conduct and defendant persisted.  *See* Cal. Civ. Code § 1708.7(a)(1)–(3)(A).

Here, as alleged, Defendant engaged in a pattern of conduct with the intent to harass Plaintiff, including "taking peeping Tom pictures outside of Plaintiff's residence, sending repeated and unwanted communication at all hours of the day and night, publicly disclosing private, intimate details about Plaintiff's life surreptitiously obtained through surveillance, and publishing defamatory Statements about Plaintiff on Instagram and through hundreds of group text message chats."  *Compl.* ¶ 33.  During the Relevant Period, Plaintiff was subjected to "to thousands of unwanted communications from Defendant, including repeated text messages and Instagram posts, including but not limited to threats and admissions of threats."  *Id.* ¶ 35; *see id.*, ¶¶ 36–38 (describing Defendant's conduct that placed Plaintiff in fear of her safety and experience of serious harassment).  Plaintiff contends that she clearly and definitively demanded that Defendant cease and abate her pattern of conduct over the years.  *Id.* ¶ 42.  However, Plaintiff only provides one example of rejecting the unwanted communications on April 9, 2023, which is after the alleged conduct.  *See id.* ¶ 24 (showing messages from 2022).  Despite the conclusory allegation that Defendant persisted the pattern of conduct, there are no allegations that Defendant's conduct happened post-April 2023.

Accordingly, because the Anti-Stalking Statute requires Defendant to persist her conduct after Plaintiff made a definitive demand to cease, Plaintiff's claim fails and therefore this factor weighs against entering default judgment.

### iii.      *Sum of Money at Stake*

"The fourth *Eitel* factor requires the Court to 'consider the amount of money at stake in relation to the seriousness of Defendant[s'] conduct.'"  *Old Pylon*, 2024 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.   2:24-cv-07502-MWC-MAA                                      Date: April 23, 2025

Title      Skye Griffin v. Elizabeth Chen *et al.*


2406693, at *3.  "Default judgment is disfavored where the sum of money at stake is too
large or unreasonable in relation to defendant's conduct."  *Id.* (citation omitted).
"However, when the sum of money at stake is tailored to the specific misconduct of the
defendant, default judgment may be appropriate even for significant sums."  *Id.* (citation
and quotation marks omitted).

Here, the only surviving claim at this juncture is Plaintiff's libel per se claim, in
which she seeks a total amount of $85,380 in actual damages, $650,000 in presumed
damages, and $1,300,000 in punitive damages.  *See Mot.*  However, Plaintiff has not
provided adequate evidence of damages, and therefore the Court finds that the amount of
money sought is unreasonable.  *See Thompson v. Civ.*, No. CV 19-5690-RSWL-AS, 2020
WL 1189837, at *5 (C.D. Cal. Jan. 21, 2020) (finding this factor weighs against default
where plaintiff sought $1,500,000 but did not provide declarations, calculations, or other
documentation of damages), *aff'd*, 2023 WL 3562968 (9th Cir. May 19, 2023).  While
Plaintiff provides a declaration to support her actual damages, the amount is speculative
without documentation.  *See Griffin Decl.* ¶¶ 12–13 (stating that Plaintiff lost streaming
profits and investment money totaling $85,380 but failing to attach documentation in
support).  Also, Plaintiff's request for presumed damages is questionable as she provides
no authority that allows this Court to award presumed damages of $50,000 on default
judgment.  The Court recognizes that Plaintiff may be entitled to assumed damages, but
the basis for the amount requested is unclear.  *See* CACI 1704 ("Even if [Plaintiff] has
not proved any actual damages for harm to reputation or sham, mortification, or hurt
feelings, the law assumes that [Plaintiff] has suffered this harm.  Without presenting
evidence of damage, [Plaintiff] is entitled to receive compensation for this assumed harm
in whatever sum you believe is reasonable."); *see also Quidel Corp. v. Siemens Med.
Sols. USA, Inc.*, 612 F. Supp. 3d 1131, 1139 (S.D. Cal. 2020) ("If a plaintiff proves a libel
per se claim, it is unnecessary to prove special damages; rather, damage to reputation is
presumed." (citing *Barnes-Hind, Inc. v. Superior Court*, 181 Cal. App. 3d 377, 381
(1986)).

Accordingly, this factor weighs against default judgment.

### iv.      *Dispute of Material Facts*

After entry of default by the clerk, the factual allegations of the complaint, except
those relating to the amount of damages, are taken as true.  *TeleVideo*, 826 F.2d at 917–

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-07502-MWC-MAA                                          Date: April 23, 2025

Title        Skye Griffin v. Elizabeth Chen *et al.*

18.  Here, Plaintiff has adequately alleged a libel per se claim, so there is little possibility of a dispute concerning material facts.  *See Electra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists.").

Accordingly, this factor weighs in favor of entry of default judgment.

### v.        *Excusable Neglect*

The Court must determine whether Defendant's default is a product of excusable neglect.  "Where the defaulting party is 'properly served with the Complaint, the notice of entry of default, as well as the papers in support of the [default] motion[,]' the failure to defend cannot be attributed to excusable neglect."  *Ameris Bank v. Miljanovic Trucking, Inc.*, No. 8:24-CV-00027-DSF-DFM, 2024 WL 3740050, at *3 (C.D. Cal. Jun. 20, 2024) (citations omitted).  Here, there is no indication that Defendant's default was due to excusable neglect because it failed to appear despite being served with the complaint.  *See Old Pylon*, 2024 WL 2406693, at *4.

Accordingly, this factor weighs in favor of finding default judgment.

### vi.       *Policy Favoring Decisions on the Merits*

"The final *Eitel* factor examines whether the strong policy favoring deciding cases on the merits prevents a court from entering default judgment."  *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010) (citation omitted).  "The preference for resolution on the merits is not dispositive of entering default judgment . . . ."  *Miljanovic*, 2024 WL 3740050, at *3 (citation omitted).  The Court concludes that the strong policy favoring deciding cases on the merits does not alone prevent the Court from entering default judgment in this case.  *See Ameris Bank v. LandCrafters Sitework & Dev., LLC*, No. 8:24-cv-02497-FWS-DFM, 2025 WL 879566, at *6 (C.D. Cal. Feb. 12, 2025) ("Defendants' choice not to defend themselves in this case renders a decision on the merits 'impractical, if not impossible.'  'Thus, the preference to decide cases on the merits does not preclude [the] court from granting default judgment.'  Accordingly, the court concludes this factor does not weigh against granting default judgment.").

---

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-07502-MWC-MAA                          Date: April 23, 2025

Title        Skye Griffin v. Elizabeth Chen *et al.*

Accordingly, this factor does not weigh against granting default judgment.

> *vii.*   *Conclusion*

In conclusion, the Court finds that the *Eitel* factors weigh in favor of an entry of default judgment on Plaintiff's libel per se claim but weighs against granting default judgment on Plaintiff's Anti-Stalking Statute claim.  *See Mnatsakanyan v. Goldsmith & Hull APC*, No. CV 12-4358 MMM PLAX, 2013 WL 10155707, at *10 (C.D. Cal. May 14, 2013) (noting that courts treat factors two and three as the most important *Eitel* factors).

> C.       Relief Requested

Once a court decides default judgment is appropriate, it must determine what relief, if any, is warranted.  Plaintiff bears "the burden of proving damages through testimony or written affidavit." *Bd. of Trs. Boilermaker Vacation Tr. v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005).  For the reasons discussed in Section III(B)(iii), Plaintiff falls short of adequately proving damages.  *See Krieger v. Hllo Friend, LLC*, No. SACV 23-01954-CJC (KESx), 2024 WL 3005925, at *6 (C.D. Cal. May 22, 2024) ("[W]ithout proof of damages, the Court cannot grant Plaintiff's motion for default judgment."); *Independent Film Dev. Corp. v. Junior Capital Inc.*, No. CV 13-00259 BRO (RNBx), 2013 WL 12140947, at *2 (C.D. Cal. Dec. 6, 2013) ("The Court is unwilling to award Plaintiff such a large sum as a default judgment based solely on its assertion that is the total amount of its actual loss.  Plaintiff must provide more proof of its entitlement to the amount of monetary damages requested using detailed affidavits or documentary evidence on which the court may rely . . . . [I]t is not the Court's job to sift through all of Plaintiffs allegations and calculate accurate actual losses . . . . Plaintiff should specifically itemize its losses . . . clearly putting the math on paper for the Court to see *exactly* how Plaintiff arrived at the damages it requests. (emphasis in original)).  Therefore, the Court finds that it is unable to accurately assess the value of Plaintiff's damages.  Accordingly, an evidentiary hearing as to damages is required.  *See Taylor v. Franko*, No. CIV. 09-00002 JMS, 2011 WL 2118270, at *11 (D. Haw. May 2, 2011) (requiring an evidentiary hearing as to damages where the Court could not accurately assess plaintiff's damages based on counsel's "conservative[ ] estimate"); *Thompson*, 2020 WL 1189837, at *6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-07502-MWC-MAA                                    Date: April 23, 2025

Title      Skye Griffin v. Elizabeth Chen *et al.*


(setting an evidentiary hearing where plaintiff sought over $1,500,000 but did not provide the court with damages evidence or calculations).

IV.   Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for default judgment as to her libel per se claim but **DENIES** Plaintiff's motion as to her Anti-Stalking Statute claim.  The Court sets an evidentiary hearing as to the libel per se damages for **May 16, 2025** at **1:30 p.m.**


**IT IS SO ORDERED.**

                                                                          :
**Initials of Preparer**     TJ