UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.   2:24-cv-07502-MWC-MAA                          Date: September 23, 2025

Title:     Skye Griffin v. Elizabeth Chen *et al.*

---

Present:  The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |


**Proceedings:  Order GRANTING Plaintiff's Renewed Motion for Default Judgment
(Dkt. [43]) (JS-6)**

Before the Court is Plaintiff Skye Griffin's ("Plaintiff") renewed motion for default judgment ("Renewed Motion") against Defendant Elizabeth Chen (a/k/a Elizabeth Keily) ("Defendant").  Dkt. # 43 ("*Mot.*").  After considering the papers and Plaintiff's testimony at the September 19, 2025 hearing, the Court **GRANTS** Plaintiff's renewed motion for default judgment.

I.     Background

The Court has summarized the facts underlying Plaintiff's claim in a previous order.  *See* Dkt. # 31 ("*First Default Order*").  Accordingly, the Court includes additional information only to the extent necessary to decide the issues before it.

On September 4, 2024, Plaintiff filed a complaint ("Complaint") against Defendant for libel per se and violation of the California Civil Anti-Stalking Statute (Cal. Civ. Code §§ 1708.7, *et seq.*).  Dkt. # 1 ("*Compl.*").  After successfully serving Defendant, *see* Dkt. # 18, Plaintiff filed an application for the clerk to enter default against Defendant, *see* Dkt. # 20, which the Court did on January 2, 2025, *see* Dkt. # 21 ("*Entry of Default*").  Plaintiff filed her first motion for default judgment against Defendant on March 17, 2025.  *See* Dkt. # 28.  In its original order ("First Default Order"), the Court granted default judgment as to Plaintiff's libel per se claim but denied default judgment as to Plaintiff's claim under the California Civil Anti-Stalking Statute.  *See generally First Default Order*.  On the latter, the Court identified that Plaintiff failed to sufficiently show that Defendant's conduct persisted after Plaintiff rejected the unwanted communications.  *See id.* 5.  The Court also determined that it was unable to accurately assess the value of Plaintiff's damages and required an evidentiary hearing accordingly.  *Id.* 8.  On May

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.  2:24-cv-07502-MWC-MAA                    Date: September 23, 2025

Title:     Skye Griffin v. Elizabeth Chen *et al.*


8, 2025, Plaintiff filed an *ex parte* application for leave to file a renewed motion for default judgment to include additional evidence in support of Defendant's liability as to the anti-stalking claim, along with additional evidence related to Plaintiff's damages.  *See* Dkt. # 35.  The Court granted the application the following day.  *See* Dkt. # 36.

Plaintiff's Renewed Motion addresses the two primary deficiencies that the Court identified in the First Default Order—the fourth element of its claim under the California Civil Anti-Stalking Statute and proof of damages.  *See generally Mot.*  As to the anti-stalking claim, Plaintiff highlights her text message from April 9, 2023, where she rejects Defendant's unwanted communications, and provides several examples of messages that she received months after the rejection.  *See* Dkt. # 43-2 ("*Griffin Decl.*"), Ex. A.  For the proof of damages, she lists the categories of damages that she requests, *Mot.* 7, which she supports with her own declaration and accompanying exhibits, *see Griffin Decl.*, along with the declaration of her mother, Kathryn Griffin-Townsend, *see* Dkt. # 43-3 ("*Griffin-Townsend Decl.*"), and the declaration of assistant and close friend, Terayle Garnett, *see* Dkt. # 43-4 ("*Garnett Decl.*").

II.      Legal Standard

Federal Rule of Civil Procedure ("Rule") 55(b) permits a court-ordered default judgment following the entry of default by the clerk under Rule 55(a).  Once the court clerk enters a default, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages.  *See Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam).

The choice to grant or deny a default judgment is within the discretion of the court.  *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  To determine whether default judgment is proper, courts consider seven discretionary factors, often called the "*Eitel* factors."  *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).  These factors are: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *See id.* at 1471–72.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-07502-MWC-MAA                          Date: September 23, 2025

Title:     Skye Griffin v. Elizabeth Chen *et al.*

III.    <u>Discussion</u>

     A.    <u>Procedural Requirements</u>

"A party seeking default judgment must satisfy the procedural requirements of the Federal Rules of Civil Procedure and the Central District of California's Local Rules." *Ameris Bank v. Sunny Side Land Holdings, LLC*, No. 8:24-cv-02127-FWS-JDE, 2025 WL 879560, at *3 (C.D. Cal. Jan. 29, 2025) (citation omitted).

As outlined in the First Default Order, the Court finds Plaintiff has met the procedural requirements for default judgment: (1) the clerk entered default judgment against Defendant on January 2, 2025, *see Entry of Default*; (2) Defendant is not an infant, incompetent person, or person in military service or otherwise exempted from default judgment under the Servicemembers Civil Relief Act of 1940, *see* Dkt. # 28-3 ¶ 8; and (3) Plaintiff provided Defendant with notice of this motion, *see id.* ¶ 9.

     B.    *Eitel* <u>Factors as to Anti-Stalking Claim</u>

Because the Court previously determined that the *Eitel* factors weigh in favor of an entry of default judgment on Plaintiff's libel per se claim, but weighed against on Plaintiff's anti-stalking claim, the Court will analyze only the latter under the *Eitel* factors.

         i.    *Prejudice*

First, the Court considers whether Plaintiff will suffer prejudice if default judgment is not entered.  As the Court previously outlined, this factor weighs in Plaintiff's favor because without a default judgment, Plaintiff would lack recourse for recovery against Defendant since Defendant failed to appear or defend this lawsuit.  *See Ameris Bank v. Old Pylon Trucking, LLC*, No. SACV 23-02368-CJC (KESx), 2024 WL 2406693, at *3 (C.D. Cal. Apr. 16, 2024); *PepsiCo v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("If Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery.").

         ii.    *Merits and Sufficiency*

The second and third *Eitel* factors consider the merits and sufficiency of a plaintiff's claims.  "These two factors require that the Plaintiff state a claim on which [it] may recover." *Citizens Bus. Bank v. Vessel Bellezza*, No. 8:18-cv-02163-JLS-KES, 2020 WL 7064247, at *4 (C.D. Cal. Oct. 27, 2020) (internal quotation marks and citation omitted); *JFeld LLC v. Blanket*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.   2:24-cv-07502-MWC-MAA                    Date: September 23, 2025

Title:      Skye Griffin v. Elizabeth Chen *et al.*


*Lovers*, No. 2:20-cv-08804-DSF-PLA, 2021 WL 2302447, at *2 (C.D. Cal. Apr. 29, 2021) (noting that courts often consider the second and third *Eitel* factors to be the most important).

Under the California Civil Anti-Stalking Statute, as relevant here, a person is liable when: (1) they engaged in a pattern of conduct with the intent to follow, alarm, place under surveillance, or harass the plaintiff; (2) as a result of that pattern of conduct, they caused the plaintiff to fear for her safety or suffer substantial emotional distress; (3) the individual's credible threat was either intended to place plaintiff in reasonable fear for her safety or was in reckless disregard for plaintiff's safety, and (4) plaintiff clearly and definitively demanded that defendant cease and abate her pattern of conduct and defendant persisted.  *See* Cal. Civ. Code § 1708.7(a)(1)–(3)(A).

The Court previously noted that Plaintiff satisfied the first three elements.  *First Default Order* 5 (identifying instances to support determination that Defendant engaged in a pattern of conduct to harass Plaintiff, that Plaintiff feared for her safety and suffered substantial emotional distress; and that Plaintiff clearly and affirmatively demanded that Defendant abate her pattern of conduct).  But the Court highlighted that Plaintiff had not provided evidence that Defendant's pattern of conduct persisted after April 2023 (the date that Plaintiff demanded Defendant abate her conduct).  *Id.*  ("Plaintiff only provides one example of rejecting the unwanted communications on April 9, 2023, which is after the alleged conduct.  Despite the conclusory allegation that Defendant persisted the pattern of conduct, there are no allegations that Defendant's conduct happened post-April 2023." (citations omitted)).

The Plaintiff has since made a sufficient showing as to the final element of her anti-stalking claim.  She provides messages from April 10, April 11, April 19, May 3, May 4, June 6, July 4, and July 6 of 2023 where Defendant continued engaging in the same harassing conduct that caused Plaintiff's substantial emotional distress and fear for her safety.  *See Griffin Decl.*, Ex. A.  Since Plaintiff had affirmatively demanded in April 2023 that Defendant cease her conduct, the Court finds those repeated instances to constitute persistence under the California Civil Anti-Stalking Statute.  *See, e.g.*, *Quintero v. Weinkauf*, 326 Cal. Rptr. 3d 194, 197 (Cal. Ct. App. 2022) (identifying that plaintiff presented evidence that she demanded defendant stop actions in 2015, only for defendant to take same action at least once in 2017).

Accordingly, accepting all of Plaintiff's factual allegations as true, the Court finds that Plaintiff has sufficiently stated a claim under the California Civil Anti-Stalking Statute, weighing in favor of entering a default judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.   2:24-cv-07502-MWC-MAA                                      Date: September 23, 2025

Title:      Skye Griffin v. Elizabeth Chen *et al.*


### iii.      *Sum of Money at Stake*

Under the fourth *Eitel* factor, courts must consider the amount of money at stake in relation to the seriousness of the defendant's misconduct.  *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1176.  The Court discusses the full relief requested below, but it will touch on the issues related to this factor here.  Plaintiff requests $2,577,427 in compensatory damages, and $5,156,944 in punitive damages.  *Mot.* 7.  "The [fourth *Eitel*] factor weighs against default judgment when a large sum of money is at stake."  *Bhatia v. United States*, No. 2:19-cv-2313-DAD-SCR, 2025 WL 1482431, at *3 (E.D. Cal. May 23, 2025) (citing *Eitel*, 782 F.2d at 1472).  However, the Court must also recognize the severity of Defendant's conduct and its impact on Plaintiff.  *See Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014) (noting that this factor accounts for "whether the recovery sought is proportional to the harm caused by defendant's conduct" (internal quotation marks and citation omitted)).  Given both the significant sum of money involved and Defendant's very serious conduct, this factor counsels only slightly against entering a default judgment.


### iv.      *Dispute of Material Facts*

After entry of default by the clerk, the factual allegations of the complaint, except those relating to the amount of damages, are taken as true.  *TeleVideo*, 826 F.2d at 917–18.  Here, Plaintiff has adequately alleged a claim under the California Civil Anti-Stalking Statute, so there is little possibility of a dispute concerning material facts.  *See Electra Ent. Grp. Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists.").

Accordingly, this factor weighs in favor of entering a default judgment on Plaintiff's claim under the California Civil Anti-Stalking Statute.


### v.      *Excusable Neglect*

The Court must determine whether Defendant's default is a product of excusable neglect.  "Where the defaulting party is 'properly served with the Complaint, the notice of entry of default, as well as the papers in support of the [default] motion[,]' the failure to defend cannot be attributed to excusable neglect."  *Ameris Bank v. Miljanovic Trucking, Inc.*, No. 8:24-CV-00027-DSF-DFM, 2024 WL 3740050, at *3 (C.D. Cal. Jun. 20, 2024) (quoting *Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001)).  Here, there is no indication that Defendant's default was due to excusable neglect, as she failed to appear despite

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-07502-MWC-MAA                     Date: September 23, 2025

Title:     Skye Griffin v. Elizabeth Chen *et al.*

receiving proper service of Plaintiff's complaint.  See *Old Pylon Trucking*, 2024 WL 2406693, at *4.

As such, this factor weighs in favor of entering a default judgment on Plaintiff's anti-stalking claim.

### vi.      *Policy Favoring Decision on the Merits*

"The final *Eitel* factor examines whether the strong policy favoring deciding cases on the merits prevents a court from entering default judgment."  *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010) (citation omitted).  "The preference for resolution on the merits is not dispositive of entering default judgment . . . ."  *Miljanovic*, 2024 WL 3740050, at *3 (citation omitted).  The Court concludes that the strong policy favoring deciding cases on the merits does not alone prevent the Court from entering default judgment in this case.  *See Ameris Bank v. LandCrafters Sitework & Dev., LLC*, No. 8:24-cv-02497-FWS-DFM, 2025 WL 879566, at *6 (C.D. Cal. Feb. 12, 2025) ("Defendants' choice not to defend themselves in this case renders a decision on the merits 'impractical, if not impossible.'  'Thus, the preference to decide cases on the merits does not preclude [the] court from granting default judgment.'  Accordingly, the court concludes this factor does not weigh against granting default judgment." (quoting *PepsiCo*, 238 F. Supp. 2d at 1177)).

As such, this factor does not weigh against granting a default judgment on Plaintiff's anti-stalking claim.

### vii.     *Determination*

Considering all of the *Eitel* factors, the Court finds that they weigh in favor of an entry of default judgment on Plaintiff's anti-stalking claim.  *See Mnatsakanyan v. Goldsmith & Hull APC*, No. CV 12-4358 MMM PLAX, 2013 WL 10155707, at *10 (C.D. Cal. May 14, 2013) (noting that courts treat factors two and three as the most important *Eitel* factors).

### C.      Relief Requested

When considering the entry of a default judgment, "the movant must prove all damages with evidence."  *See Bd. of Trs. of the Boilermaker Vacation Tr. v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005).  Proving damages does not require absolute certainty, and may be approximate, so long as "the evidence shows the extent of damages a matter of just and reasonable inference . . . ."  *Frito-Lay, Inc. v. Lo 137, Int'l Bhd. of Teamsters*, 623 F.2d 1354,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-07502-MWC-MAA                          Date: September 23, 2025

Title:      Skye Griffin v. Elizabeth Chen *et al.*

1364 (9th Cir. 1980) (quoting *Gulf Coast Bldg. & Supply Co. v. Elec. Workers*, 428 F.2d 121, 125–26 (5th Cir. 1970)).  A reasonable inference requires supporting evidence and cannot rely solely on speculation or guesswork.  *See Sutton v. Earles*, 26 F.3d 903, 918 (9th Cir. 1984).  A court is not obligated to accept factual assertions in a declaration as true when assessing the reasonableness of an inference of damages upon default.  *Lutz v. United States*, 685 F.2d 1178, 1186 (9th Cir. 1982).

Plaintiff has supported most of her requests with adequate evidence.  Her declaration provides evidence as to past streaming revenue from a song with Chris Brown, who was one of several individuals that decided to stop working with Plaintiff because of Defendant's defamatory statements.  *Griffin Decl.* ¶ 5.  She identifies three additional songs that would have been released but for Defendant's harassing behavior, all of which she values at the same figure as "Fairytale," the song that she previously recorded and released with Chris Brown.  *Id.*  That figure is $43,177.  *Id.*  Accordingly, the Court finds there be sufficient evidence to award Plaintiff $43,177 for each of the three songs she lost the opportunity to release, equaling $129,531.  *See Garnett Decl.* ¶¶ 9–11 (identifying loss of opportunities associated with Defendant's targeting of industry professionals).  Next, Plaintiff lays out various expenses associated with her loss of opportunity, including $17,280 in costs already expended for recording songs that she was never able to release, and $40,000 due to a demotion from a lead role in a theatrical production to a role as an extra.  *Griffin Decl.* ¶ 6.  Based on the documents she has submitted and her testimony at the September 19, 2025 hearing, the Court finds sufficient evidence to support these figures.

Plaintiff provides information related to several expenses that accrued when Defendant's harassing behavior forced her to move from Los Angeles, California, to Houston, Texas.  Those include $25,000 to break her lease and $12,000 in moving costs.  *Id.*  As the Court is convinced that Plaintiff would not have had to leave Los Angeles but for Defendant's conduct, the Court finds it appropriate to award these damages.  Plaintiff also noted at the evidentiary hearing that she attempted to hide her assets from Defendant, doing so by forming the "New Life Living Trust," costing her $4,000.  Because these expenses too would have been nonexistent but for Defendant's conduct, the Court finds it appropriate to award them to Plaintiff.  Moreover, after Defendant again identified Plaintiff's Houston residence, Plaintiff had to relocate again, this time to Cypress, Texas.  That move cost her $8,000, *id.*, a figure which the Court again finds appropriate to award to Plaintiff.

However, Plaintiff also submits expenses associated with the cost of rent and with the purchase of her home in Cypress, which the Court does not find appropriate to award.  Regardless of Defendant's behavior, Plaintiff would have had to pay for the cost of housing during this time, and the Court does not have sufficient evidence that these residences and their

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-07502-MWC-MAA                        Date: September 23, 2025

Title:      Skye Griffin v. Elizabeth Chen *et al.*

associated costs (including the cost of a down payment and mortgage accrual) were unique to the impact of Defendant's actions. *Cf. Integrated Tech. Corp. v. Rudolph Tech. Incorp.*, No. CV-06-02182-PHX-ROS, 2016 WL 7674701, at *3 (D. Ariz. Oct. 4, 2016) (stating that the court could not award money that would have been incurred regardless of the defendant's misconduct). Still, one of the costs of the Cypress, Texas, home is the installation of a home security system, totaling $2,600. *Id.* Given the extreme emotional distress that Defendant caused, the Court finds it appropriate to award the cost of the home security installation.

Plaintiff also submits evidence of costs related to her attorneys' fees and investigation of Defendant, as well as her attorneys' fees as part of efforts to obtain a restraining order against Defendant. *Id.* Finding that Plaintiff would not have had to incur these costs but for Defendant's conduct, the Court determines that it is appropriate to award $6,500 and $10,580, respectively. Likewise, Plaintiff explained at the evidentiary hearing that Defendant's conduct caused her to lose hair. In an effort to maintain her image—as is necessary for anyone in the entertainment industry—Plaintiff incurred $7,535 in medical hair expenses, which the Court deems appropriate to award to Plaintiff.

Plaintiff also provides estimates of other potential songs lost as a result of Defendant's defamatory statements. Specifically, she submitted 13 statements in her complaint and asks that the Court award $43,177 for each of those defamatory statements. *See id.* ¶ 7. However, Plaintiff has not submitted evidence that it was just one defamatory statement that caused her to lose opportunities with Chris Brown, DJ Khaled, and other prominent artists. Rather, she and other declarants attest that it was a repeated pattern of conduct that made Defendant's impact so severe. Accordingly, the Court does not find it appropriate to award $43,177 for each of the defamatory statements that Plaintiff identifies.

Lastly, Plaintiff asks for damages related to her severe emotional distress, valuing the loss at $1,000 for each day over a four-year period (1,553 days), totaling $1,553,000. *Id.* ¶ 8. Based on Plaintiff's declarations and the declarations of those closest to her, there is little doubt that Defendant's conduct caused severe and constant emotional distress to Plaintiff. *See Griffin-Townsend Decl.* ¶¶ 9–13; *Garnett Decl.* ¶ 13. The Court has found no consistent figure for appropriate compensation for severe emotional distress, *see, e.g.*, *Rhoden v. Dep't of Justice*, 121 F.3d 716, 716 n.1 (9th Cir. 1997) (awarding $1,000 in emotional distress damages per day for a four-day period); *Templin v. United States*, No. CV 11–59–H–DWM, 2013 WL 12134039, at *9 (D. Mont. May 6, 2013) (awarding Plaintiff $500 per day for particularly severe emotional distress over a two-month period, and $300 per day for emotional distress in the three-month period that followed), nor are there many analogs to Plaintiff's case. There are also cases providing upwards of $1,000,000 for severe emotional distress. *See, e.g.*, *Harper v. City of L.A.*, 533 F.3d 1010, 1028–29 (9th Cir. 2008) (affirming three separate awards of $5,000,001 for

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-07502-MWC-MAA                     Date: September 23, 2025

Title:      Skye Griffin v. Elizabeth Chen *et al.*

emotional distress of three police officers who were wrongfully criminally investigated); *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 514 (9th Cir. 2000) (awarding $1,000,000 in compensatory emotional distress damages for retaliation and sex discrimination award). Based on the severe impact to Plaintiff and the duration of her conduct, the Court finds $1,500,000 to be an appropriate award for emotional distress.

Thus, Plaintiff's compensatory damages are as follows: $129,531 for the loss of three songs; $17,280 in sunk studio and engineering costs for those songs; $7,535 in medical hair expenses; $40,000 for her demotion; $25,000 to break her Los Angeles lease; $12,000 to move from Los Angeles to Houston; $4,000 to form the "New Life Living Trust"; $8,000 to move from Houston to Cypress; $2,600 to install a home security system; $6,500 in attorneys' fees and investigation fees to determine Defendant's identity; $10,580 in attorneys' fees to obtain a restraining order; and $1,500,000 in emotional distress. Plaintiff's compensatory damages total $1,763,026.

As to punitive damages, Plaintiff asks the Court to award twice the amount of compensatory damages. "'The purpose of punitive damages is to punish wrongdoers' and deter wrongful acts." *Greenlight Sys., LLC v. Breckenfelder*, No. 19-cv-06658-EMC, 2021 WL 2651377, at *16 (N.D. Cal. June 28, 2021) (quoting *Neal v. Farmers Ins. Exch.*, 21 Cal. 3d 910, 928 n.13 (1978)). Punitive damages are available for libel per se claims and claims under the California Civil Anti-Stalking Statute. *See Barnes-Hind, Inc. v. Super. Ct.*, 181 Cal. App. 3d 377, 382 (1986) (discussing libel per se); *see Khan v. 7-Eleven, Inc.*, No. ED CV 14-00522 DMG (PLAx), 2015 WL 12743691, at *3 (C.D. Cal. Sept. 15, 2015) (discussing California Civil Anti-Stalking Statute). The Ninth Circuit has upheld punitive damages awards of six to nine times compensatory damages in particularly egregious cases, and awards of four times compensatory damages in cases with significant economic damages and egregious behavior. *Riley v. Volkswagen Grp. of Am., Inc.* 51 F.4th 896, 902 (9th Cir. 2022). Here, Plaintiff's request of only two times compensatory damages is reasonable given the severity of Defendant's actions, the impact that they had on Plaintiff emotionally, and the economic loss that she suffered. Accordingly, the Court awards $3,526,052 in punitive damages.

IV.      Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for default judgment on her libel per se and California Civil Anti-Stalking Statute claims. The Court deems $5,289,078 to be an appropriate award as compensation for her damages. This order closes the case. [JS-6]

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-07502-MWC-MAA                               Date: September 23, 2025

Title:     Skye Griffin v. Elizabeth Chen *et al.*

                                                                    :
                                              **Initials of Preparer**   TJ