Jeffrey M. David, Bar No. 265503
 jdavid@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
Tel:   (949) 717-3000

Charles Schimmel *(Pro Hac Vice Pending)*
 schimmelc@thesultzerlawgroup.com
SULTZER & LIPARI
1800 Gaylord
Denver, CO 80206
Tel: (913) 634-6762

Attorneys for Defendant Elizabeth Chen (a/k/a Elizabeth Keily)

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| SKYE GRIFFIN,<br><br>Plaintiff,<br><br>vs.<br><br>ELIZABETH CHEN (a/k/a ELIZABETH KEILY) and DOES 1-50, inclusive,<br><br>Defendants. | Case No.  2:24-cv-07502-MWC-MAA<br><br>**DEFENDANT ELIZABETH CHEN'S NOTICE OF MOTION AND MOTION TO SET ASIDE DEFAULT JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*[Filed concurrently with Declarations of C. Schimmel, E. Chen, R. Pamboukian, and [Proposed] Order]*<br><br>Date:  December 5, 2025<br>Time: 1:30 p.m.<br>Place: Courtroom 6A, 6th Floor<br><br>Complaint Filed:  September 3, 2024<br>Trial Date:        None Set |

SUL02-01:4304546_1:10-30-25

DEFENDANT ELIZABETH CHEN'S NOTICE OF MOTION AND MOTION TO SET ASIDE DEFAULT
JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 5, 2025, at 1:30 p.m., or as soon thereafter as the matter may be heard in the above-entitled court, located at the First Street Courthouse, 350 W. 1st Street, Los Angeles, CA 90012, Courtroom 6A, Defendant Elizabeth Chen a/k/a Elizabeth Keily ("Defendant") will and hereby does move this Court to set aside and vacate the default judgment entered against her in this matter, pursuant to Fed. R. Civ. P. 55(c) 60(b).

This motion is made pursuant to Civ. P. 55(c) 60(b) on the grounds that Defendant never received service of the Complaint from Plaintiff nor did she have any actual or constructive notice of this action, including the motion for default judgment

**MEET AND CONFER CERTIFICATION**: Prior to filing this motion, Defendant met and conferred with Plaintiff's counsel as required by the Hon. Michelle Williams Court's Initial Standing Order and Local Rule 7-3. As set forth in detail in the Declaration of Charles Schimmel ("Schimmel Decl."), filed concurrently herewith, counsel for Defendant met and conferred telephonically with Plaintiff's counsel on October 22, and exchanged emails with Plaintiff's counsel between October 25 and October 28, in which that Plaintiff's counsel confirmed that Plaintiff would not voluntarily set aside the default of Defendant. (Schimmel Decl., ¶ 2.)

This Motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, and the Declarations of Charles Schimmel, Elizabeth Keily Chen and Raffi Pamboukian, filed concurrently herewith and such further arguments and papers as may be presented to the Court before or during the hearing.

Dated: October 30, 2025

CALL & JENSEN
Jeffrey M. David

By: /s/ Jeffrey M. David
      Jeffrey M. David

Attorneys for Elizabeth Chen (a/k/a Elizabeth Keily)

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

**COMES NOW**, Defendant Elizabeth Chen a/k/a Elizabeth Keily (hereinafter "Keily"), by and through her undersigned counsel, pursuant to Fed. R. Civ. P. 55(c) and 60(b), asks this Court to set aside and vacate the default judgment entered in this matter against her.  Counsel for Plaintiff opposes this Motion.

Defendant offers the following in support of this Motion and Brief.

## I.   INTRODUCTION AND BACKGROUND FACTS

Plaintiff's claims against Keily and 50 unnamed DOE defendants stem from alleged false and defamatory statements and harassing behavior directed at Plaintiff. Dkt #1.  Plaintiff filed her Complaint on September 3, 2024 alleging that either Keily or one of the unnamed DOE defendants used at least 18 "sham Instagram accounts" and 23 phone numbers to harass and threaten Plaintiff. *Id.*  After alleged unsuccessful attempts at personal service, on November 18, 2024, Plaintiff filed an *Ex Parte* Application to serve Keily by email and text message.  Dkt. #14. In support of Plaintiff's *Ex Parte* Application to serve by email and text message, Plaintiff alleged that "concrete evidence" confirmed Keily used and maintained two email accounts (missekeily87@gmail.com and elizabethkeily@yahoo.com) and a phone number (310) 871-1771. Id.  The next day, on November 19, 2024, the Court, relying on the *ex parte* application and declaration of Plaintiff's counsel, entered its Order permitting service by email and text message, using the accounts and phone number Plaintiff alleged Defendant Keily maintained.  Dkt. #17. On November 22, 2024, Plaintiff filed a Proof of Service, alleging Defendant Keily was served via text message and email and declaring, upon information and belief (but without any proof), that Defendant had actual notice of the action.  Proof of Service Dkt. #18.  On January 2, 2025, the clerk entered default judgment against Defendant Keily. Over 9 months later, on September 23, 2025, a default judgment was entered against Defendant in this action in the amount of $5,289,078. Dkt. # 47.

CALL & JENSEN
EST. 1981

In fact, Defendant Keily never received service of the Complaint from Plaintiff nor did she have any actual or constructive notice of this action, including the motion for default judgment. Plaintiff's only "concrete evidence" in support of her motion to serve by alternative means was her counsel's allegation that emails sent to the two email accounts "did not bounce back" and that text messages sent by Plaintiff's counsel "reflected the blue color of a successfully sent and received message between iPhones." (*See* Declaration of Brianna K. Pierce Dkt. #15, ¶ 12.) Actually, Keily first heard a rumor of a default judgment against her in late August or early September 2025 and shortly thereafter received confirmation after consulting with an attorney. (Declaration of Elizabeth Keily ("Keily Decl."), ¶¶ 5-6.) As set forth and documented below, prior to Plaintiff attempting service by text and email, Keily had changed phone numbers. (Keily Decl., ¶ 7.) Likewise, the two email addresses used were dormant and no longer used by Defendant Keily. (Keily Decl., ¶ 8.) To date, Keily still has not received service of process in this action. (Keily Decl., ¶ 9.)

Defendant Keily has a strong and meritorious defense. Defendant Keily herself has been victimized and harassed by what appears to be the same individual(s) that have allegedly harassed Plaintiff. (Keily Decl., ¶ 20.) As set forth below, two of the same numbers/accounts Plaintiff has alleged were attributable to Defendant Keily were, in fact, also used by an unknown individual to harass Defendant Keily. (Keily Decl., ¶ 21.) It is as unknown to Defendant Keily, as it apparently is to Plaintiff, who the identity or identities are of any of the Does that Plaintiff (and Defendant Keily) have been victimized by. (Keily Decl., ¶ 21.) For purposes of this Motion, however, Defendant Keily certainly has a meritorious defense and denies each and every allegation made against her.

These facts, and others discussed below, show that the default judgment against Defendant Keily should be set aside under Fed. R. Civ. P. 55(c) and 60(b).

CALL & JENSEN
EST 1981

## II.    ARGUMENT AND AUTHORITIES

Federal Rule of Civil Procedure 55(c) explicitly provides that the Court "may set aside a final default judgment under Rule 60(b)." Fed R. Civ. P. 55.  Moreover, under Federal Rule of Civil Procedure 60(b)(4), this Court may relieve a party from a final judgment if "the judgment is void." Fed R. Civ. P. 60.  A judgment entered without proper service of process is void for lack of personal jurisdiction over the defendant as it violates a party's due process. *Delvari v. Nguyen*, 2011 U.S. Dist. LEXIS 123376 at *3. (citing *Peralta v. Heights Medical Ctr., Inc*. 485 U.S. 80, 85 (1988)).  Additionally, under Federal Rule of Civil Procedure 60(b)(1), the Court may grant relief based on "mistake, inadvertence, surprise, or excusable neglect." Defendant's failure to respond to the complaint was due to excusable neglect, as Defendant had no knowledge of the lawsuit. Federal Rule of Civil Procedure 60(b)(6) further permits the Court to relieve a party from judgment for "any other reason that justifies relief." Fed R. Civ. P. 60. The circumstances of this case—where Defendant resides outside of California, was never personally served, and had no actual notice of the proceedings, has a meritorious defense and there is no prejudice to plaintiff—justify relief under Rule 60(b).

The Court may also set aside the entry of default upon a showing of "good cause." Fed. R. Civ. P. 55(c); *Candle King, Inc. v. Torres Candle Corp*., 2025 U.S. Dist. LEXIS 50911, *2-3 (C.D.Cal. Jan. 15, 2025). "The good cause standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b)." *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc*., 375 F.3d 922, 925 (9th Cir. 2004). "To determine good cause, a court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether [setting aside the default] judgment would prejudice the other party*." U.S. v. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).

CALL & JENSEN EST 1981

When considering whether to grant a motion to set aside a default judgment, the Court is instructed that a "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Mesle*, 615 F.3d at 1091. "Default judgments are disfavored, and cases should be decided on their merits whenever reasonably possible. The interest in finality of judgment 'should give way fairly readily to further the competing interest in reaching the merits of a dispute.'" *Audio Toys, Inc. v. Smart AV Pty, LTD*. No. CV 06-6298-SBA, 2007 U.S. Dist. LEXIS 44078, 2007 WL 1655793, at *3 (N.D. Cal. June 7, 2007) (internal citations omitted). To that end, the Court shall resolve any doubt regarding whether to grant relief in favor of vacating default. *O'Connor v. State of Nev.*, 27 F.3d 357, 364 (9th Cir. 1994). "Where timely relief is sought from a default…and the movant has some meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits." *Id.* citing *Mendoza v. Wight Vineyard Management*, 783, F.2d 941, 945 (9th Cir. 1986).

### A.    Defendant Keily Was Never Served Nor Did She Engage In Culpable Conduct That Led To The Default.

Defendant Keily moved from California to Florida in June 2024. (Keily Decl., ¶ 3.) On November 15, 2024, Keily changed her phone number and, as of that date, no longer had any access to calls or texts to her former phone number, (310) 871-1771. (Keily Decl., ¶ 7.) Likewise, Keily did not use or have access to either of the two email accounts used by Plaintiff to attempt service. (Keily Decl., ¶ 8.) After Defendant Keily became aware that default was entered by the Court, she attempted to log into the two dormant email accounts used by Plaintiff, and received messages indicating "no account found" for missekeily87@gmail.com and that the "account has been deactivated due to inactivity" for elizabethkeily@yahoo.com. (Keily Decl., ¶ 11.) Plaintiff's Proof of Service filed with the Court lacks any evidence of actual service and only alleges that two emails and a text sent by Plaintiff's Counsel did not bounce back or turn a certain color on Plaintiff's counsel's phone. Dkt. 18. On its face, the Proof of Service is not

evidence or proof of any actual service on Keily – nor does it even allege actual proof of it. *Id.* (See Declaration of Raffi Pamboukian ("Pamboukian Decl.").)

In *Audio Toys, Inc. v. Smart AV Pty, LTD.*, *supra*, the court dealt with a situation similar to the present one - where default judgment was entered against a foreign defendant who was not properly served. In vacating the default judgment (and simultaneously dismissing the case for lack of personal jurisdiction), the court found that it "cannot exercise personal jurisdiction over a defendant without proper service of process." citing *Omni Capital Int'l, Ltd. V. Rudolf Wolff & Co.,* 484 U.S. 97, 104 (1987); *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed.R.Civ.P. 4"). "A judgment is void where the requirements for effective service have not been met." *Id.*; quoting *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992).

Finally, Defendant Keily did not engage in any culpable conduct that led to the default. This court recently evaluated the culpable conduct factor in the analysis of whether to set aside a default under Rule 55(c) stating:

"First, the Court finds that Defendants did not engage in culpable conduct that led to default."  See *Franchise Holding II, LLC.*, 375 F.3d at 925-26, "[I]f a defendant's conduct was not 'culpable', then her failure to respond to a lawsuit is ordinarily 'excusable'" under Rule (60(b)(1).  *TCI Group Life Ins. Plan*, 244 F.3d at 697-97.  "[A] defendant's conduct is culpable if [it] has received actual or constructive notice of the filing of the actions and ***intentionally*** failed to answer." *Id.* at 697-98 (emphasis in original). Culpability involves "not simply nonappearance following receipt of notice of the action, but rather conduct which hindered judicial proceedings as to which subject matter jurisdiction was unchallenged." *Id*. at 698 (quoting *Gregorian v. Izvestia,* 871 F.2d 1515, 1525 (9th Cir. 1989)). "[T]o treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process." *U.S. v. Signed Pers. Check No. 730 of Yubran S. Mesle,* 615 F.3d 1085, 1092 (9th Cir. 2010). Typically, courts hold "that a defendant's conduct was culpable . . . where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.*

DEFENDANT ELIZABETH CHEN'S NOTICE OF MOTION AND MOTION TO SET ASIDE DEFAULT JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

*Jarvis v. State Farm Gen. Ins. Co.*, 2024 U.S. Dist. LEXIS 193187, \*4-5 (C.D. Cal. September 5, 2024.)

There is no evidence that Defendant Keily's failure to respond was in bad faith. Because the evidence demonstrates Keily was never actually served, did not have notice of the lawsuit and default proceedings filed against her until after default judgment was entered and did not engage in any culpable conduct that led to the default, the default judgment should be set aside and the case dismissed for lack of personal jurisdiction.

## B. Defendant Keily Has A Meritorious Defense.

A defense is considered meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). Here, a defendant only needs to assert "a factual or legal basis that is sufficient to raise a particular defense; the question of whether a particular factual allegation is true is revolved at a later state." *Audio Toys, Inc., supra,* U.S. Dist. LEXIS 44078, at \*3 (crediting defendant's meritorious defenses and vacating default judgment). In any event, "[a] meritorious defense is not necessarily one which must, beyond a doubt, succeed in defeating a default judgment, but rather one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis." *Quach v. Cross*, No. CV 03-09627 GAF, 2004 U.S. Dist. LEXIS 28983, at \*5 (C.D. Cal. Dec. 3, 2004) (internal quotations omitted).

In the present case, in addition to the significant due process and personal jurisdiction issues, Defendant Keily has a strong, meritorious defense. To begin with, aside from Defendant Keily denying the underlying allegations against her made by Plaintiff in her Complaint, the causes of action against Keily are mostly, if not entirely, time-barred by the applicable statue of limitations. See *Jarvis v. State Farm Gen. Ins. Co.*, 2024 U.S. Dist. LEXIS 193187 (C.D. Cal. Sep. 5, 2024 (granting motion to set aside default, in part, because defendant raised meritorious defense of complaint being barred by the statute of limitations). *See also Slaughter v. Evans*, 2022 U.S. Dist.

LEXIS 207977 (C.D. Cal. Sep. 15, 2022); *Gordon-Ross v. Nuview Union Sch. Dist.*, 2009 U.S. Dist. LEXIS 138844 (C.D. Cal May 28, 2009). Plaintiff filed her Complaint on September 3, 2024, bringing two causes of action: Libel Per Se and Violation of the California Civil Anti-Stalking Statute (California Civil Code § 1708.7, et seq.) Dkt. 1. The Complaint alleges the defamatory and harassing conduct began in March 2020 and listed specific publications she claims were tortious – all of which she alleges occurred between March and June 2022. The applicable statute of limitations for Libel Per Se is one year from the date of publication[1] and the statute of limitations for the tort of a violation of the California Civil Anti-Stalking Statute is two years[2]. Solely based on the allegations made in the Complaint, most, if not all, of the alleged libelous conduct is time barred as a matter of law as it was filed more than a year after when the Plaintiff claims it was published. Plaintiff fails to allege or identify any specific publication made within the one-year statute of limitations. Likewise, Plaintiff provides no indication or allegation that she was stalked by anyone within two years prior to filing her Complaint and provides only general and vague statements that some of the conduct occurred during the "Relevant Period" – defined by Plaintiff as March 2022 through the present.

Moreover, and more fundamentally, Keily denies ever engaging in any harassing or threatening or harassing actions or behavior directed at the Plaintiff. Keily had one, brief encounter with Plaintiff in March 2021 and has never directed any negative or harassing communications to or about Plaintiff before or after this encounter. (Keily Decl., ¶ 14.) Plaintiff alleges Defendant harassed and stalked her while in the State of Texas where Plaintiff claims she resides, however, the Defendant has never stepped foot in the state (Keily Decl., ¶ 18.) Moreover, Defendant Keily has also been harassed and has attempted to seek guidance and protection from being victimized by unknown parties – raising questions about whether a third party is "spoofing" and/or harassing

---

[1] Cal. Code Civ Proc § 340;
[2] Cal. Code Civ Proc § 335.1

Plaintiff and Defendant Keily both. (Keily Decl., ¶ 20.) Defendant Keily should be afforded the opportunity to raise these (and other) meritorious defenses rather than be subjected to a default judgment of over $5 million dollars in a lawsuit she had no idea had been filed against her based on allegations she knows nothing about.

### C.    Vacating The Default Judgment Will Not Prejudice Plaintiff.

Finally, Plaintiff will not be prejudiced if the default judgment is vacated. The fundamental question for this prong of the test is whether the plaintiff's "ability to pursue his claim will be hindered." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). Losing a default judgment or a "quick victory" is insufficient to establish prejudice and deny a proper motion to vacate a default. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000); *Audio Toys, Inc.*, *supra*, 2007 U.S. Dist. LEXIS 44078, at *3 (N.D.Cal. Jun. 6, 2007) ("Having to try a case on the merits is not by itself sufficient prejudice … the delay must result in tangible harm, such as loss of evidence or more difficult discovery.") (internal quotations omitted). Here, there is no tangible harm, there is no threat of loss of evidence or risk of more difficult discovery. Accordingly, there is no prejudice to Plaintiff in granting the instant motion.

### III.    CONCLUSION

Good cause exists under Fed. R. Civ. P. 55(c) and 60(b) to set aside the default judgment. Defendant Keily was never served with a summons or a copy of the complaint, nor did she have any actual or constructive notice of either the lawsuit filed against her in California or of the default judgment.  Moreover, Defendant Keily has demonstrated she has a meritorious defense.  Finally, Plaintiff will not be prejudiced and the fairness of the adjudicatory system will be upheld if the default judgment is set aside. In sum, Defendant Keily has shown that all three of the factors the law requires be considered support a finding of good cause to set aside the entry of default judgment.

**WHEREFORE**, Defendant Keily respectfully requests this Court, pursuant to Fed. R. Civ. P. 55(c) and 60(b), to set aside the default judgment entered in this case, dismiss this case for lack of personal jurisdiction or, in the alternative, allow Defendant

:10-30-25                                                    - 10 -

Keily a reasonable time to file an answer or other responsive pleading to the Complaint; and such other and further relief as this Court deems just and proper.

Dated:  October 30, 2025

CALL & JENSEN
A Professional Corporation
Jeffrey M. David

By: */s/ Jeffrey M. David*
       Jeffrey M. David

Attorneys for Defendant Elizabeth Chen (a/k/a Elizabeth Keily)

## **L.R. 11-6.2 CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant Elizabeth Chen (a/k/a Elizabeth Keily), certifies that this brief contains 2,965 words, which complies with the word limit of L.R. 11-6.1.

Dated:  October 30, 2025

CALL & JENSEN
A Professional Corporation
Jeffrey M. David

By: */s/ Jeffrey M. David*
       Jeffrey M. David

Attorneys for Defendant Elizabeth Chen (a/k/a Elizabeth Keily)

DEFENDANT ELIZABETH CHEN'S NOTICE OF MOTION AND MOTION TO SET ASIDE DEFAULT JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES