Brianna Pierce, Esq. (SBN: 336906)
BELLATRIX LAW, P.C.
16868 Via Del Campo Ct., Ste 100
San Diego, California 92127
Phone: (858) 338-5650
Email: bkp@bellatrix-law.com

*Counsel for Plaintiff Skye Griffin*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| SKYE GRIFFIN,<br><br>        Plaintiff,<br>   v.<br><br>ELIZABETH CHEN (a/k/a ELIZABETH KEILY) and DOES 1-50, inclusive,<br><br>      Defendants. | Case No. 2:24-cv-07502-MWC-MAA<br><br>**DECLARATION OF BRIANNA K. PIERCE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION TO SET ASIDE DEFAULT** |

I, Brianna K. Pierce, declare under penalty of perjury under the laws of the State of California, that the following is true and correct:

1.     I am an attorney licensed to practice law in California and authorized to appear before the U.S. District Court for the Central District of California. I am the founding attorney of Bellatrix Law, P.C., counsel of record for Petitioner Skye Griffin in this action. This declaration is made in support of Plaintiff's opposition to Defendant's motion to set aside default. I have personal knowledge of the facts stated herein and if called to testify, I could and would competently testify hereto.

2.     Plaintiff filed this action on September 3, 2024, asserting claims for libel per se and violation of the anti-stalking statute. (ECF No. 1). On November 15, 2024, after repeated unsuccessful attempts at personal service, Plaintiff filed an Ex Parte Application for an Order Permitting Alternative Service ("Application") by text message and email. (ECF No. 14).

3.      Prior to filing the Application, I sent text messages and emails to Defendant at approximately 8:00 p.m. PT on November 14, 2024, advising Defendant that "an ex parte application [would] be filed by Skye Griffin in Case No. 2:24-cv-07502-MWC-MAA in the Central District of California for an order permitting [Defendant] to be served with a summons and complaint in that case via text message to (310) 871-1771 and via email to missekeily87@gmail.com and elizabethkeily@yahoo.com."

4.      The iMessage turned blue and displayed a "delivered" indicator, confirming transmission to Defendant's device through Apple's network. A true and correct copy of the text message is attached hereto as Exhibit A.

5.      The emails were not returned as undeliverable. And I did not recall the emails.

6.      Thus, the Application was based on credible, hours-old evidence that Defendant's phone number and email addresses were active and receiving messages.

7.      On November 19, 2024, the Court issued an Order granting Plaintiff's Application for alternative service and authorizing Plaintiff to serve the summons and complaint by text message and email to Defendant's phone number and email accounts. (ECF No. 17).

8.      Pursuant to that Order, on November 21 and 22, 2024, I served Defendant by both text message and email and promptly filed a Proof of Service confirming compliance with Rule 4(e)(1) and California law. (ECF No. 18).

9.      Despite having actual and constructive notice of the action, Defendant did not respond, appear, or contact me about the case.

10.      Having received no response, Plaintiff requested entry of default (ECF No. 20), which the Clerk entered on January 2, 2025. (ECF No. 21). Plaintiff filed a Motion for Default Judgment on March 17, 2025 (ECF No. 28) and a Renewed Motion for Default Judgment on August 1, 2025 (ECF No. 43). Despite acknowledging that she had actual knowledge of the action, Defendant still did not respond or attempt to set aside entry of default while the Renewed Motion was pending. See Declaration of Elizabeth Chen ("Def. Decl."), (ECF No. 48-3) at 5.

- 2 -

DECLARATION OF BRIANNA K. PIERCE
CASE NO. 2:24-CV-07502-MWC-MAA

11.     Following a hearing on September 19, 2025, the Court entered default judgment on September 23, 2025. (ECF No. 47).

12.     On October 22, 2025, Defendant's counsel contacted me to discuss setting aside the default. During that phone call, counsel for Defendant informed me that Defendant knew about the action prior to entry of default judgment, but that he was retained by Plaintiff only *after* judgment was entered on September 23, 2025.

13.     Defendant's counsel also provided me with a copy of a text message conversation wherein Defendant she admits that she changed her phone number after having it for five years.

14.     Despite Defendant's false representations to the Court, Defendant knew exactly what formed the basis of Plaintiff's claims because I had previously served Defendant (via text message to the same number used for service in this action) with all filings in a Civil Harassment Restraining Order ("CHRO") proceeding, including the notice, which contained the same factual allegations asserted in this lawsuit. A true and correct copy of the CHRO notice is attached hereto as Exhibit B.

15.     Defendant swears under penalty of perjury that she did not receive any text messages from Plaintiff's counsel, including the CHRO text messages. Def. Decl., ¶ 9. However, Defendant not only received the CHRO documents, but she also sent a copy of at least one of the service text message to a third party. A true and correct copy of that third party text message is attached hereto as Exhibit C.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: November 13, 2025                    **BELLATRIX LAW, P.C.**

                                            */s/ Brianna K. Pierce*
                                            Brianna K. Pierce (CA Bar No. 336906)
                                            16868 Via Del Campo Ct., Ste 100
                                            San Diego, California 92127
                                            Phone: (858) 338-5650
                                            Email: bkp@bellatrix-law.com

                                            *Counsel for Plaintiff Skye Griffin*

- 3 -
DECLARATION OF BRIANNA K. PIERCE
CASE NO. 2:24-CV-07502-MWC-MAA