Jeffrey M. David, Bar No. 265503
 jdavid@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
Tel:   (949) 717-3000

Charles Schimmel (Admitted Pro Hac Vice)
  schimmelc@thesultzerlawgroup.com
SULTZER & LIPARI
1800 Gaylord
Denver, CO 80206
Tel: (913) 634-6762
Attorneys for Elizabeth Chen (a/k/a Elizabeth Keily)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| SKYE GRIFFIN,<br><br>      Plaintiff,<br><br>      vs.<br><br>ELIZABETH CHEN (a/k/a ELIZABETH KEILY) and DOES 1-50, inclusive,<br><br>      Defendants. | Case No.  2:24-cv-07502-MWC-MAA<br><br>**DECLARATION OF ELIZABETH KEILY CHEN IN SUPPORT OF REPLY TO PLAINTIFF'S OPPOSITION TO MOTION AND MOTION TO SET ASIDE DEFAULT JUDGMENT PURSUANT TO RULE 60(B)(3) AND (4)**<br><br>Date:  December 12, 2025<br>Time: 1:30 p.m.<br>Place: Courtroom 6A, 6th Floor<br><br>Complaint Filed:   September 3, 2025<br>Trial Date:            None Set |

SUL02-01:4330039_1:11-20-25

DECLARATION OF ELIZABETH KEILY CHEN IN SUPPORT OF REPLY TO PLAINTIFF'S OPPOSITION TO
MOTION AND MOTION TO SET ASIDE DEFAULT JUDGMENT PURSUANT TO RULE 60(B)(3) AND (4)

Elizabeth Keily Chen, declares and states under penalty of perjury, as follows:

1.    I am an individual over the age of eighteen and have personal knowledge of the facts stated herein.

2.    I provide this declaration in response to allegations and insinuations made against me in Plaintiff's Opposition (ECF No. 54) to Defendant's Motion to Set Aside Default Judgment that I have reviewed. (ECF No. 48).

3.    In April 2024, I received a text message from a number I did not recognize. The message did not include any documents, attachments, links to official court materials, or instructions. It did not identify the sender. It was a brief, vague "warning-type" text. Because I had been experiencing repeated harassment, impersonation, and messages from spoofed numbers and unknown contacts since at least 2020, I genuinely believed the April 2024 message was another instance of that same conduct. Attached as Exhibit 1 are true and correct copies of examples of those messages that I received. When I forwarded the screenshot to my ex-partner at that time and asked if it was a joke or from the stalker, that reflected my genuine confusion. I did not understand the message to be connected to any legitimate legal proceeding.  Attached as Exhibit 2 is a true and correct copy of that text. I was never formally served with any civil harassment restraining order ("CHRO"), nor did I ever receive the CHRO petition or supporting papers, nor did I ever receive a response from anyone to the screenshot text I forwarded to my ex-partner asking if it was a joke.

4.    The confusion reflected in the screenshot was directly related to years of prior harassment. My ex-partner was aware of these ongoing issues and had previously discussed with me in December 2023 the possible identity of the individual behind these harassing communications. Attached as Exhibit 3 are true and correct copies of

DECLARATION OF ELIZABETH KEILY CHEN IN SUPPORT OF REPLY TO PLAINTIFF'S OPPOSITION TO MOTION AND MOTION TO SET ASIDE DEFAULT JUDGMENT PURSUANT TO RULE 60(B)(3) AND (4)

text messages between my ex-partner and myself regarding the harassment and possible identity of the harasser.  As evidenced by her filing this same text exchange as an exhibit to her counsel's declaration, Plaintiff has now obtained this private text exchanges between me and my ex-partner, which show my confusion—not any awareness of a "real" restraining order.

5.      My relocation from California to Miami occurred in June 2024, and the move had been planned since early December 2023, as shown in email and text exchanges with realtors. Attached as Exhibit 4 are true and correct copies of my early December 2023 communications about my relocation. I have not resided at the Los Angeles address where Plaintiff attempted service since June 2024. I did not receive any forwarded mail, notices, or documents related to this lawsuit or any restraining order after moving.

6.      In October 2024, I received alarming and unsolicited messages that included my personal information, including my phone number, my prior residential address, and even a photograph of the exterior of my former Los Angeles residence. These communications heightened my concerns about safety and privacy. Attached as Exhibit 5 are true and correct copies of the harassing messages.

7.      Due to the ongoing harassment, privacy concerns, and for personal reasons unrelated to this lawsuit, I changed my phone number in November 2024 to protect myself. I did not change my number in response to Plaintiff, her counsel, or any attempted service. At the time of the number change, I had no knowledge that a lawsuit had been filed against me or that Plaintiff's counsel intended to seek or attempt alternative service.

:11-20-25                                                    - 3 -

8. I never received the November 2024 text message that Plaintiff's counsel references.

9. I also changed my phone number when I first moved to Los Angeles from New York in 2021 so changing my phone number was not uncommon. Attached as Exhibit 6 are true and correct copies of texts announcing my 2021 number change.

10. By November 21–22, 2024, when Plaintiff apparently attempted to effect alternative service by text message, I no longer had access to any calls or texts to the phone number used by Plaintiff. I did not receive, view, or become aware of any text message from Plaintiff or her counsel regarding this case until after I became aware of this litigation and contacted a lawyer.

11. Likewise, the two email addresses Plaintiff claims was used to serve me: "missekeily87@gmail.com" and "elizabethkeily@yahoo.com" were outdated, abandoned, and not associated with my active communications. As stated in my prior declaration with supporting exhibits, my primary email since 2018 has been ek@elizabethkeily.com.

12. At no time between September 2024 and September 2025 did I receive the summons, the complaint, any court orders, the motion for default judgment, the renewed motion, or any other documents relating to this case. I did not learn of the existence of this federal action until late September 2025, after judgment had already been entered.

13. I maintained public social media accounts in 2024 through the present, and since June 2024, I regularly posted with Miami, Florida as my publicly listed geolocation, making my relocation publicly visible and easily discoverable by Plaintiff, her counsel, and others.

DECLARATION OF ELIZABETH KEILY CHEN IN SUPPORT OF REPLY TO PLAINTIFF'S OPPOSITION TO MOTION AND MOTION TO SET ASIDE DEFAULT JUDGMENT PURSUANT TO RULE 60(B)(3) AND (4)

14.    In late August or early September 2025, an acquaintance casually mentioned a "rumor" that I might be involved in some type of legal dispute. The statement was made without conviction as to its accuracy, was vague, and lacked any details such as case number, location, or allegations made. I reasonably believed it was untrue or gossip, especially because no service or documents had ever been delivered to me. This "rumor" did not provide me of any notice of an actual lawsuit or trigger any concern for me that I must file or respond to any court proceedings.

15.    Once I learned actual, verified information that a judgment had been entered against me in late September 2025, I immediately retained counsel within days. Prior to that moment, I had no knowledge that I was required to respond to—nor that I was even named in—any lawsuit. I was also traveling internationally (to and from France) for the first two weeks of September 2025.

16.    I have never ignored, avoided, or tried to sidestep any valid service. I simply never received it. If I had been properly served, I would have responded immediately, as I have.

17.    As stated in my prior declaration (ECF No. 48-3), I have never myself directed or requested any third party to direct any communications of any kind to or about the Plaintiff and I have never harassed or stalked anyone – including Plaintiff. I have never been to the State of Texas, which would make it impossible for me to physically and personally stalk Plaintiff as she has alleged in her Complaint. Aside from the former phone number that I changed in November 2024, I deny ever owning, using or having access to any of the phone numbers or Instagram accounts listed in Plaintiff's Complaint that she claims were used to harass her.

DECLARATION OF ELIZABETH KEILY CHEN IN SUPPORT OF REPLY TO PLAINTIFF'S OPPOSITION TO MOTION AND MOTION TO SET ASIDE DEFAULT JUDGMENT PURSUANT TO RULE 60(B)(3) AND (4)

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

This declaration was executed on November 20, 2025.

_____
Elizabeth Keily Chen

DECLARATION OF ELIZABETH KEILY CHEN IN SUPPORT OF REPLY TO PLAINTIFF'S OPPOSITION TO MOTION AND MOTION TO SET ASIDE DEFAULT JUDGMENT PURSUANT TO RULE 60(B)(3) AND (4)