UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:24-cv-07502-MWC-MAA | Date: December 10, 2025 |
| Title: Skye Griffin v. Elizabeth Chen *et al.* | |

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (IN CHAMBERS) Order DENYING Defendant's motion to set aside entry of default and default judgment (Dkt. 48)**

  Before the Court is Defendant Elizabeth Chen's a/k/a Elizabeth Keily's ("Defendant") motion to set aside the entry of default and default judgment against her. *See* Dkt. # 48. Plaintiff Skye Griffin ("Plaintiff") opposed, *see* Dkt. # 54 ("*Opp.*"), and Defendant replied, *see* Dkt. # 55 ("*Reply*"). The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers, the Court **DENIES** Defendant's motion to set aside the entry of default and default judgment against her.

I. Background

  This case arises out of Defendant's stalking, harassment, and defamation of Plaintiff. *See generally* Dkt. # 1 ("*Compl.*"). Plaintiff filed her complaint on September 3, 2024, *see Compl.*, but was unable to serve Defendant through conventional methods, *see* Dkt. # 14 ("*EPA for Alt. Service*"). On November 18, 2024, Plaintiff filed an *ex parte* application asking the Court to authorize alternative service on Defendant by email and text message. *See generally id.* Plaintiff's application detailed that she had evidence of Defendant maintaining two valid email addresses, missekeily87@gmail.com and elizabethkeily@yahoo.com, and evidence of Defendant utilizing the cell phone number 310-871-1771. *See id.* 2. Specifically, emails sent to those two accounts did not bounce back, and a text sent to that phone number turned blue, indicating that the message was successfully sent and received as an iMessage on Defendant's iPhone. *See id.* Plaintiff sent those communications on November 14, 2024. *See* Dkt. # 15. Defendant also sent a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-07502-MWC-MAA                                                    Date: December 10, 2025

Title:        Skye Griffin v. Elizabeth Chen *et al.*

screenshot of the text to another person, which Plaintiff took as confirmation that Defendant received the texts and the associated documents. *See EPA for Alt. Service* 2. That text message detailed that Plaintiff would be seeking an order authorizing alternative service via text and email and notifying Defendant of the opportunity to oppose the *ex parte* application. *See* Dkt. # 54-2. Moreover, Plaintiff had utilized Defendant's cell phone number to serve a restraining order on her previously. *See id.* On November 19, 2024, the Court granted Plaintiff's *ex parte* application and authorized alternative service via email and text message. *See* Dkt. # 17.

After successfully serving Defendant, *see* Dkt. # 18, Plaintiff filed an application for entry of default, *see* Dkt. # 20. The clerk entered default on January 2, 2025, *see* Dkt. # 21 ("*Entry of Default*"). On March 17, 2025, Plaintiff filed her first motion for default judgment. *See* Dkt. # 28. The Court granted the motion in part. *See* Dkt. # 31 ("*First Default Judgment Order*"). Plaintiff filed a renewed motion for default judgment on August 1, 2025. *See* Dkt. # 43. On September 23, 2025, the Court granted Plaintiff's renewed motion *See* Dkt. # 47 ("*Second Default Judgment Order*"). That same day the Court entered judgment in the amount of $5,289,078 against Defendant and closed the case. *See id.*

Defendant did not appear in the case prior to filing the instant motion. She now contends that she never received service of Plaintiff's complaint and lacked actual or constructive notice of this action or the motion for default judgment. *See Mot.* 4. Instead, she avers that she first heard a rumor of a default judgment against her in late August or early September of 2025 and shortly thereafter received confirmation once she consulted an attorney. *See id.*; Dkt. # 48-3 ("*Chen Decl.*") ¶ 5. She also notes that she changed phone numbers on November 15, 2024, *id.* ¶ 7, and lost access to any calls, texts, or messages to that number after doing so, *id.* ¶ 8. Defendant has also utilized ek@elizabethkeily.com as her "primary and active email" since January 2018. *See id.* ¶ 10.

As to the merits of the case, Defendant argues that she "has been victimized and harassed by what appears to be the same individual(s) that have allegedly harassed Plaintiff." *See Mot.* 4. Though Defendant maintains that she does not know the identity of her alleged harassers, she "certainly has a meritorious defense and denies each and every allegation made against her." *See id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-07502-MWC-MAA                                    Date: December 10, 2025

Title:  Skye Griffin v. Elizabeth Chen *et al.*

II.  Legal Standard

Federal Rule of Civil Procedure ("Rule") 55(c) allows a court to set aside an entry of default for "good cause," and allows a court to set aside a final default judgment under Rule 60(b). *See* Fed. R. Civ. P. 55(c). The factors governing "good cause" are referred to as the "*Falk* factors" and include: (1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default. *See Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011) (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

Rule 60(b) offers several potential grounds for setting aside a default judgment:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). In general, "[t]he 'good cause' standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b)." *See Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 925 (9th Cir. 2004). "Additionally, the Ninth Circuit has emphasized that resolution of a motion to set aside the entry of default is necessarily informed by the well-established policies favoring resolution of cases on their merits and generally disfavoring default judgments." *Adavco, Inc. v. Deertrail Dev. LLC*, No. 1:23-cv-00695-JLT-SKO, 2024 WL 129874, at *2 (E.D. Cal. Jan. 11, 2024) (citing *U.S. v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010)). Still, courts must

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:24-cv-07502-MWC-MAA | Date: December 10, 2025 |
| Title: Skye Griffin v. Elizabeth Chen *et al.* | |

balance the interest in deciding a case on the merits against an interest in the finality of judgments. *See Signature Fin., LLC v. McClung*, No. CV 16-3621-DMG (FFMx), 2019 WL 4418127, at *1 (C.D. Cal. June 3, 2019) (citation omitted).

III.    Discussion

    A.    Entry of Default

The Court will first analyze whether it should set aside the entry of default against Defendant before turning to the entry of default judgment.

First, Defendant maintains she was never served. *See Mot.* 6. "If a party was not properly served, the entry of default against it must be set aside." *Bonner v. Arastehjoo*, No. C 11–1350 CW, 2011 WL 5190051, at *1 (N.D. Cal. Oct. 31, 2011) (citing *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992)). Defendant argues that because she changed her phone number on November 15, 2024, she could not have been served with the complaint at that number after that date. *See id.* Further, she "did not use or have access to either of the two email accounts used by Plaintiff to attempt service." *See id.*

Defendant's contention as to a lack of proper service is unavailing. To be sure, "[a] federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Rule] 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). The Court must also recognize that "[c]onstitutional due process requires that service of process be reasonably calculated to provide actual notice." *R. Griggs Grp. Ltd. v. Filanto Spa*, 920 F. Supp. 1100, 1003 (D. Nev. 1996) (citation omitted).

Here, the Court deems Plaintiff's method of service to have been reasonably calculated to provide Defendant notice. Plaintiff does not challenge the court's order authorizing alternative service. Other courts in this circuit have found service by email and text message reasonably calculated to provide notice. *See, e.g.*, *GSV Futures LLC v. Casmain L.P.*, No. 22-cv-05449-LB, 2022 WL 16856361, at *4 (N.D. Cal. Nov. 10, 2022) (authorizing service by email and WeChat); *Facebook, Inc. v. Banana Ads, LLC*, No. C-11-3619 YGR, 2012 WL 1038752, at *2 (N.D. Cal. Mar. 27, 2012) (allowing service by email); *Creative Intellects v. Haygood*, No. 2:21-CV-02670-RGK-AFM, 2021 WL 3568237, at *4 (C.D. Cal. July 23, 2021) (authorizing service by, *inter alia*, email and text

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-07502-MWC-MAA                                    Date: December 10, 2025

Title:   Skye Griffin v. Elizabeth Chen *et al.*

message). A court can rely on evidence of a successful email delivery to justify alternative service via email. *See Future Motion, Inc. v. Doe*, No. 21-cv-03022-JSC, 2021 WL 3052594, at *2 (N.D. Cal. July 20, 2021) ("Service by electronic mail is reasonably calculated to provide actual notice when the test email is not returned as undeliverable or bounced back." (citing *Toyo Tire & Rubber Co. v. CIA Wheel Grp.*, No. 15-0246, 2016 WL 1251008, at *3 (C.D. Cal. Mar. 25, 2016))). Here, Plaintiff served Defendant by email at two separate email addresses, neither of which bounced back. Even more compelling, the November 14, 2024 text to 310-871-1771—a phone number to which Plaintiff had previously successfully served a restraining order on Defendant—was marked as "Delivered" on November 14, 2024. *See* Dkt. # 54-2. Defendant submitted the Declaration of Raffi Pamboukian, an individual with expertise in "forensics with respect to mobile devices, accounts, and activity," who argues that even if a message turns blue, the message was not necessarily delivered. *See* Dkt. # 48-2 ("*Pamboukian Decl.*") ¶ 7. But Mr. Pamboukian does not address that the message also read "Delivered." Defendant does not dispute that she owned the phone number at the time, declaring that she changed the phone number the following day. Accordingly, Plaintiff's method of service was reasonably calculated to provide Defendant notice.

Further, the Court finds evidence that Defendant intentionally avoided receiving service. Where a defendant attempts to evade service, they have engaged in culpable conduct leading to the entry of default and default judgment under the third *Falk* factor. *See Iron Springs Resort, LLC v. Finito Servs., LLC*, No. C11-750 TSZ, 2012 WL 12881972, at *1 (W.D. Wash. Nov. 28, 2012) ("Here, in actively evading service, Mr. May has engaged in culpable conduct that led to the entry of default and default judgment."). Of note, on November 14, 2024 Defendant learned she would potentially be receiving service via text message and changed her phone number the next date. Defendant does not explain the reason for such a glaring coincidence. If changing one's phone number to avoid service does not constitute culpable conduct leading to default, it is difficult to imagine what would qualify as such. *See Mesle*, 615 F.3d at 1092 ("We have typically held that a defendant's conduct was culpable for purposes of the good cause factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." (cleaned up)); *cf. Pena v. Seguros La Commercial, S.A.*, 770 F.2d 811, 815 (9th Cir. 1985) (finding that intentionally providing an incorrect address to avoid service constituted culpable conduct).

Nor does the Court deem Defendant's defense meritorious.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:24-cv-07502-MWC-MAA | Date: December 10, 2025 |
| Title: Skye Griffin v. Elizabeth Chen *et al.* | |

First, Defendant argues Plaintiff's claims are barred by the statute of limitations. *See Mot.* 8. Plaintiff argues the doctrine of fraudulent concealment precludes Defendant from relying on the statute of limitations here. Plaintiff is correct. "The doctrine of fraudulent concealment . . . limits the typical statute of limitations." *Regents of Univ. of Cal. v. Super. Ct.*, 20 Cal. 4th 509, 533 (1990) (citations omitted). "In articulating the doctrine, the courts have had as their purpose to disarm a defendant who, by his own deception, has caused a claim to become stale and a plaintiff dilatory." *See id.* (citations omitted). This doctrine includes hiding one's identity. *See Vaca v. Wachovia Mortg. Corp.*, 198 Cal. App. 4th 737, 745 (2011) (stating that "a defendant may be equitably estopped from asserting the statute of limitations when, as the result of intentional concealment, the plaintiff is unable to discover the defendant's actual identity" (internal quotation marks and citations omitted)). Plaintiff's complaint includes allegations that Defendant concealed her identity, including by utilizing anonymous Instagram accounts, and that Plaintiff only discovered Defendant's identity on March 29, 2024 when Meta produced a business record linking one of the anonymous Instagram accounts to Defendant's personal cell phone number. *See Compl.* ¶¶ 17–21. Defendant's actions thus qualify as fraudulent concealment, equitably estopping her from relying on a statute of limitations defense.[1] *See, e.g.*, *Gomez v. City of Torrance*, 311 Fed. Appx. 967, 969 (9th Cir. 2009).

Next, Defendant contends she did not engage "in any harassing or threatening . . . actions or behavior directed at the Plaintiff," as Plaintiff and Defendant had only one brief in-person encounter in March 2021. *See Mot.* 9. Moreover, she maintains that she "never stepped foot in [Texas]." *See id.* Defendant's response misunderstands Plaintiff's case in two different ways. First, most of the evidence Plaintiff provided was premised on virtual harassment, not in-person harassment. *See generally First Default Judgment Order*; *Second Default Judgment Order*. To be sure, Plaintiff also alleged that Defendant "[took] peeping Tom pictures outside of Plaintiff's residence" and "publicly disclos[ed] private, intimate details about Plaintiff's life surreptitiously obtained through surveillance . . . ." *Compl.* ¶ 33. These allegations lead to Defendant's second misunderstanding—Plaintiff does not assert that she and Defendant interacted repeatedly in the course of Defendant's stalking—rather, the complaint details Defendant's surreptitious activity. *See generally*

---

[1] The Court notes that Defendant does not respond to Plaintiff's equitable estoppel argument in her reply brief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-07502-MWC-MAA                             Date: December 10, 2025

Title:      Skye Griffin v. Elizabeth Chen *et al.*

*Compl.*  Nor does Plaintiff include any allegations that she and Defendant interacted in person in Texas.  *See generally id.*  Even so, the fact that Defendant never visited Texas does not preclude liability under the California Civil Anti-Stalking Statute while Plaintiff was in Texas.  *See* Cal. Civ. Code § 1708.7.  Defendant merely needed to have engaged in "a pattern of conduct the intent of which was to follow, alarm, place under surveillance, *or* harass the plaintiff."  *See* Cal. Civ. Code § 1708.7(a) (emphasis added).  And the statute expressly contemplates actions taken through an "electronic communication device."  *See* Cal. Civ. Code § 1708.7(b)(3).

Finally, Defendant argues  she "has also been harassed and has attempted to seek guidance and protection from being victimized by unknown parties . . . ."  *See Mot.* 9.  The only facts she cites in support of this contention are the statements made in her Declaration, which is devoid of detail.  *See Chen Decl.* ¶ 20.  Moreover, it is not clear how this allegation constitutes a defense to Plaintiff's case against her.

The Court also notes that Defendant failed to provide a proposed answer, a declaration regarding facts that go to the heart of her defense's merits, or a legal memorandum concerning the legal defenses submitted.  Though none of these deficiencies on their own are dispositive, they counsel against a finding that Defendant has a meritorious defense.  *See Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir. 1969) (finding that a proposed answer with "a mere general denial without facts to support it" lacked sufficient merit to set aside a default judgment).

The Court must also consider prejudice to Plaintiff that would stem from setting aside the Court's entry of default.  *See Brandt*, 653 F.3d at 1111.  Defendant declares that "there is no tangible harm, [and] there is no threat of loss of evidence or risk of more difficult discovery."  *See Mot.* 10.  The Court disagrees.  Defendant concedes she no longer has access to any of the calls, texts, or messages sent to the phone number that she used for most of the relevant time period.  *See Chen Decl.* ¶¶ 7–8.  Nor does she have access to two of the email accounts that may have provided relevant discovery.  *See id.* ¶¶ 11–12.  As such, Plaintiff's ability to pursue her claims will be hindered if the Court grants this motion.  *See Falk*, 739 F.2d at 463.  Defendant simultaneously declares that she lost access to items associated with her old phone number, *see Chen Decl.* ¶¶ 7–8, and that because she did not destroy or lose her phone, there is no prejudice to Plaintiff, *see Reply* 14.  Either Defendant no longer has these items, as she represented to the Court, or she does.  Because the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-07502-MWC-MAA                                          Date: December 10, 2025

Title:      Skye Griffin v. Elizabeth Chen *et al.*

will not assume that Defendant submitted a false declaration to the Court, it must find prejudice based on this loss of evidence.

Accordingly, the Court **DENIES** Defendant's motion to vacate the entry of default against her.

B.   Entry of Default Judgment

As the Court previously noted, "[t]he 'good cause' standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b)." *See Franchise Holding II*, 375 F.3d at 925. Still, the Court will evaluate the explicit factors in Rule 60(b) to ensure that it has appropriately evaluated all possible arguments.

Defendant argues that she committed "excusable neglect," counseling in favor of setting aside the default judgment against her under Rule 60(b)(1). *See Reply* 13. Specifically, she avers that "where Defendant was not served and had no actual or constructive knowledge that a lawsuit had been filed against her," this sequence of events qualifies as excusable neglect. *See id.* But, logically, culpable conduct in attempting to evade service cannot be excusable neglect. *See, e.g.*, *Norris v. Shenzhen IVPS Tech. Co. Ltd.*, No. CV-20-01212-PHX-DWL, 2022 WL 16571694, at *7 (D. Ariz. Nov. 1, 2022) ("The default was due to [defendant's] culpable conduct, not to excusable neglect.").

Defendant's "excusable neglect" argument specific to the entry of default judgment is that she was unaware that such a motion was pending against her. She recounts that "[i]n late August or early September 2025, [she] was told by an acquaintance that there was a rumor circulating that [she] was being sued by the Plaintiff," but that she assumed it was false information. *Chen Decl.* ¶ 5. Still, she contacted an attorney, who confirmed that there was a pending lawsuit against her. *See id.* ¶ 6. The Court sees two reasons that Defendant's actions here would not qualify as excusable neglect. First, the Court did not enter default judgment until the end of September, so Defendant learning of the case in late August or early September would have allowed her to appear and ask the Court to delay ruling on Plaintiff's motion for default judgment before the noticed hearing date. Second, Defendant's contention that she "had no understanding of what claims could possibly be brought" against her, *see Chen Decl.* ¶ 5, belies her admission that she had the 310-871-1771 phone number when Plaintiff's counsel provided the restraining order against her and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-07502-MWC-MAA                                              Date: December 10, 2025

Title:   Skye Griffin v. Elizabeth Chen *et al.*

notice of the *ex parte* application related to alternative service. Defendant should have had at least had an inkling that there was a pending lawsuit against her, but she failed to act until after the Court had already entered default judgment. As such, the Court deems Rule 60(b)(1) inapplicable to Defendant.

Rule 60(b)(2), which contemplates "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," is likewise inapplicable. Defendant does not argue differently.

The Court finds no fraud, misrepresentation, or misconduct by Plaintiff under Rule 60(b)(3). Defendant identifies nothing of the kind, and the record offers nothing on which the Court could base a finding of fraud, misrepresentation, or misconduct by Plaintiff.

Defendant's arguments under Rule 60(b)(4)—that "the judgment is void"—are a recitation of the other arguments that the Court has already considered. She declares that "[a] judgment entered without proper service of process is void for lack of personal jurisdiction over the defendant as it violates a party's due process." *See Mot.* 5. But since the Court has already found *supra* that Plaintiff's service was reasonably calculated to provide Defendant notice, the Court does not find the default judgment void on that ground.

Defendant does not argue that Rule 60(b)(5), which contemplates that the judgment has already been satisfied, applies. Given the posture of the case, the Court notes that Defendant has yet to satisfy the judgment.

The last basis for relief under Rule 60(b) is that "any other reason" justifies relief. *See* Fed. R. Civ. P. 60(b)(6). Defendant maintains that "[t]he circumstances of this case—where Defendant resides outside of California, was never personally served, and had no actual notice of the proceedings, has a meritorious defense and there is no prejudice to plaintiff—justify relief under Rule 60(b)." *See Mot.* 5. The Court has already evaluated these arguments, finding that Plaintiff's service was reasonably calculated to provide notice (and that Defendant attempted to evade service), that Defendant's defense was not meritorious, and that setting aside the default judgment would be prejudicial to Plaintiff due to the loss of relevant evidence.

Accordingly, the Court finds none of the Rule 60(b) factors applicable and **DENIES** Defendant's motion to set aside the default judgment against her.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 2:24-cv-07502-MWC-MAA   Date: December 10, 2025

Title: Skye Griffin v. Elizabeth Chen *et al.*

IV. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's motion to set aside the entry of default and default judgment against her. The December 12, 2025, hearing is **VACATED**.

**IT IS SO ORDERED.**

                                                    :

**Initials of Preparer**   TJ